PINOZA, by guardian *ad litem*, Respondent, vs. NORTHERN CHAIR COMPANY, Appellant.

*January 31—February 18, 1913.*

*Master and servant: Child labor law: Violation: Liability for resulting injury: Gross negligence: Contributory negligence not a defense: Foreign statute adopted with construction.*

1. Where the violation of a statute designed to protect persons against bodily injuries is made a criminal offense, such a violation should be classed with gross negligence, and for injuries resulting therefrom the guilty person should be held liable in a civil action, regardless of contributory negligence on the part of the, person injured.
2. Thus, in an action for injuries to a boy under the age of sixteen years, resulting from his being employed by defendant in defiance of sec. 1728a, Stats. (Laws of 1909, ch. 338), in an "employment dangerous to life or limb," the defense of contributory negligence is not available.

3. Said statute having been adopted from Illinois after the highest court in that state had construed it as not admitting of the defense of assumption of risk or contributory negligence in such a case, that construction was also adopted as a part of the law.

4. The general rule that, unless the written law expressly or by necessary inference excludes it, contributory negligence is always a defense to an action based on negligence, is not applicable where the fault of defendant, consisting either in gross negligence or violation of a statute, was advertent in character and hence involved at least a constructive intent to cause the consequences complained of. In such a case contributory fault of the plaintiff is not, strictly speaking, contributory negligence.

APPEAL from a judgment of the circuit court for Ozaukee county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

Action to recover for a personal injury.

According to the complaint plaintiff, a boy between fourteen and sixteen years of age, while at work for defendant for pay in its chair factory, February 2, 1911, assisting in operating and working around a planer, called also a "sticker" and wood-shaper machine, in an insufficiently lighted room and in the regular performance of his duties, was injured by his right hand being caught in the machine and drawn against knives forming a part thereof, by reason of which he lost the four fingers of such hand and was also injured otherwise, this being proximately caused by employment of plaintiff contrary to sec. 1728a, Stats., as amended by ch. 338, Laws of 1909, and want of ordinary care otherwise on the part of defendant, such want of care in addition to the violation of the law stated being the maintenance of the machine in operation in an insufficiently lighted room, attended in part by persons of the age of plaintiff, such machinery having rapidly revolving uncovered and unguarded knives so located as to render likely such an accident as the one which occurred.

There was an answer admitting that plaintiff was employed by defendant, denying that the employment was in violation

of law, alleging that permission was duly obtained in respect to the matter and that it was in force at the time of the injury, putting in issue the allegations of negligence and those as to plaintiff being required to work about the machine, and pleading contributory negligence.

The jury found as follows: Plaintiff was injured while actually working removing manufactured articles from the machine as they fell therefrom. Defendant, did not negligently fail to furnish plaintiff a safe place to work. It negligently failed to properly guard the knives.  It negligently failed to sufficiently warn and instruct plaintiff as to the dangers incident to his employment. Defendant's negligence was the proximate cause of the injury. Plaintiff was guilty of a want of ordinary care proximately contributing to the injury. He was damaged to the extent of $1,200. The trial court held that there was evidence to carry all such matters to the jury.

The operation in progress at the time of the injury was the shaping of chair legs and spindles. Plaintiff's work consisted in taking the shaped articles away from the machine and piling them some twelve or fifteen feet away. In doing so, as there was evidence to indicate, he put his hand into an opening so as to come in contact with the knives on the lower planer head with substantially the consequences complained of.  The trial court held that the employment of plaintiff to do the work he was engaged in was within the prohibition of sec. 1728a, as amended by ch. 338, Laws of 1909. Judgment was rendered on the verdict, regardless of that feature respecting contributory negligence upon the theory that, since plaintiff was employed in violation of the prohibitory statute, whether he was guilty of contributory negligence or not, was immaterial.

For the appellant there was a brief by *Bowler & Bowler* and *Jos. W. Collins,* and oral argument by *Mr. Collins* and *Mr. E. R. Bowler.*  To the point that contributory negligence is a defense even if the master violates a statutory duty, they

cited 26 Cyc. 1230; 20 Am. & Eng. Ency. of Law (2d ed.) 151; *Schneider v. C., M. & St. P. R. Co.* 99 Wis. 378, 75 N. W. 169; *Holum v. C., M. & St. P. R. Co.* 80 Wis. 299, 50 N. W. 99; *West v. Bayfield M. Co.* 144 Wis. 106, 128 N. W. 992; *Klatt v. N. C. Foster L. Co.* 97 Wis. 641, 73 N. W. 563; *Sharon v. Winnebago F. M. Co.* 141 Wis. 185, 124 N. W. 299; *Norman v. Virginia-Pocahontas C. Co.* 68 W. Va. 405, 69 S. E. 857, 31 L. R. A. N. s. 504; *Queen v. Dayton C. & I. Co.* 95 Tenn. 458, 32 S. W. 460, 30 L. R. A. 82; *Taylor v. Carew Mfg. Co.* 143 Mass. 470, 10 N. E. 308; *Darsam v. Kohlmann,* 123 La. 164, 48 South. 781, 20 L. R. A. N. s. 881; *Beghold v. Auto B. Co.* 149 Mich. 14, 112 N. W. 691.

For the respondent there was a brief by *Glicksman, Gold & Corrigan,* and oral argument by *W. D. Corrigan.* To the point that contributory negligence of a child employed contrary to statute is immaterial and not a defense, they cited, among other cases, *Sharon v. Winnebago F. M. Co.* 141 Wis. 185, 124 N. W. 299; *Koepp v. Nat. E. & S. Co.* 151 Wis. 302, 139 N. W. 179; *American C. & F. Co. v. Armentraut,* 214 Ill. 509, 73 N. E. 766; *Strafford v. Republic I. & S. Co.* 238 Ill. 371, 87 N. E. 358, 20 L. R. A. N. s. 876; *Jefferson T. P. Co. v. Crejeczyk,* 125 Ill. App. 1, 9; *Helmbacker F. & R. M. Co. v. Garrett,* 119 Ill. App. 166; 67 Cent. Law Jour. 431–436; *Lenahan v. Pittston C. M. Co.* 218 Pa. St. 311, 67 Atl. 642, 12 L. R. A. N. s. 461; *Stehle v. Jaeger A. M. Co.* 220 Pa. St. 617, 69 Atl. 1116, 14 Am. & Eng. Ann. Cas. 122; *Sullivan v. Hanover C. Co.* 222 Pa. St. 40, 70 Atl. 909; *Stehle v. Jaeger A. M. Co.* 225 Pa. St. 348, 74 Atl. 215, 133 Am. St. Rep. 884; *Inland S. Co. v. Yedinak,* 172 Ind. 423, 87 N. E. 229; *Thomas Madden, Son & Co. v. Wilcox,* 174 Ind. 657, 91 N. E. 933; *Nairn v. Nat. B. Co.* 120 Mo. App. 144, 96 S. W. 679; *Glucina v. F. H. Goss B. Co.* 63 Wash. 401, 115 Pac. 843; *Starnes v. Albion Mfg. Co.* 147 N. C. 556, 61 S. E. 525, 17 L. R. A. N. s. 602; *Ornamental I. & W.*

*Co. v. Green,* 108 Tenn. 161, 65 S. W. 399; *Woolf v. Nau-
man Co.* 128 Iowa, 261, 103 N. W. 785; *Bromberg v. Evans
L. Co.* 134 Iowa, 38, 111 N. W. 417, 13 Am. & Eng. Ann.
·Cas. 33.

MARSHALL, J.   The statute claimed to have been violated
is as follows:

"No child under the age of sixteen years shall be employed
·in adjusting any belt or in oiling or assisting in oiling, wip-
ing or cleaning any machinery when the same is in motion or
in operating or assisting in operating any circular or band
.saw, wood shaper, wood jointer, planer, sandpaper or wood
polishing machine . . . or in any other employment danger-
ous to life or limb. . . ."   Sec. 1728*a,* Stats. (Laws of 1909,
·ch. 338).

Any one "who" shall violate "any of the provisions of this
act" "shall be deemed guilty of a misdemeanor, and upon con-
viction thereof shall be fined not less than twenty-five dollars
nor more than one hundred dollars for each offense," or be
imprisoned "in the county jail not longer than thirty days."
.Sec. 1728*h,* Stats. (Laws of 1909, ch. 338).

By another provision, corporations are made liable the
same as natural persons and a method provided for enforcing
such liability, and by a further provision parents and guard-
ians are made likewise liable for suffering or permitting any
·such violation.

It must be conceded that defendant acted in defiance of the
written law in employing plaintiff and that if such circum-
·stance rendered the defense of contributory negligence un-
availing, as the trial court decided, the judgment must be af-
firmed.

As suggested on the oral argument, it seems that the logic
of *Pizzo v. Wiemann,* 149 Wis. 235, 134 N. W. 899, might
well rule this case in favor of respondent.   It is difficult to
see why the principle there stated and applied does not ex-

actly fit the situation now presented. The court then dealt
with a law designed to conserve child life and safety. To
that end, such law prohibited the doing of a particular act
which experience had taught to be dangerous, particularly, to
children. The legislature deemed the object of the law so im-
portant that any violation thereof was made punishable by
imprisonment in the county jail, not exceeding six months, or
by both fine and imprisonment. The enactment in question
belongs to the same class of police regulations.

The court distinguished the action before it from one for
damages caused by ordinary negligence, and proceeded to a
final determination on lines involving this as a principle:
If a person purposely does an act in violation of a duty cre-
ated by law as regards the personal safety of others, and the
policy of the written law is that the prevention of such vio-
lations is so important that a person guilty thereof should in
addition to civil liability to the injured person be held crim-
inally liable as for a serious offense against the public, the
act should be regarded as done regardless of human life or
bodily injury and in case of damage happening to one of
those whose safety the law was designed to conserve, he may
successfully maintain an action against the guilty party to re-
cover for his loss regardless of contributory negligence on his
part; thus classing the act of the wrongdoer with ordinary
acts of gross negligence.

The principle thus stated is in harmony with general pub-
lic policy. Every one is presumed to know the law, even
though as matter of fact he may be ignorant of it. There is
no excuse that can be put forward for a violation of criminal
law. There may be palliations to be considered in fixing the
punishment, where the enactment expressly or by necessary
implication so provides, but punishment cannot be escaped,
entirely, upon the ground of ignorance or any other ground.
Why then should contributory negligence be a defense in a
civil action for damages, as in this case? To allow it would

fail to recognize that the law is aimed at conserving the public as well as private interests. Why should a violation of a law designed, as in this case,—a law which with a violation of it, creates criminal as well as civil liability,—be regarded as otherwise than, at least, constructive disregard of whether the act cause danger to lives of the persons the law was specially designed to safeguard? No good reason is perceived why not, or why such a violation should not be classed with gross negligence as suggested in *Pizzo v. Wiemann, supra,* and the general rule applied that, in case of a wrong of such character, contributory negligence of the injured person is immaterial, as regards liability to repair the loss.

What has been said, it is considered, is enough to justify the ruling complained of in this case, but if that were not so, we agree with counsel for respondent, that the law in question, in all essential particulars, was adopted from the state of Illinois after the highest tribunal thereof had construed it as not admitting of the defense of assumption of the risk or contributory negligence in an action like this, and it must be assumed that, in adopting the law, the legislature intended to take its foreign construction. Our statute is so very like that of Illinois, as it has existed since 1897, Hurd's Statutes Illinois, 1897, ch. 48, sec. 33, as to lead to a conclusion that the purpose of our legislature was to incorporate the system of that state for the safety of children into our own.

Some time prior to the last legislation here in 1909, the Illinois court very emphatically decided that contributory negligence was not a defense in a case of this sort. *American C. & F. Co. v. Armentraut,* 214 Ill. 509, 73 N. E. 766. A distinction was made between an employment which is unlawful and one which is lawful but there is a failure to do some prescribed act to conserve personal safety in the course of the employment. That has been followed by other decisions, all in harmony with the initial adjudication.

If neither of the reasons already given should be regarded

as ruling this case, the most that could be claimed in favor of appellant is, that there is a conflict of authority elsewhere with the weight of it in favor of the position maintained by counsel for respondent—the opposing adjudications going generally upon the ground that, contributory negligence, where not expressly or by necessary inference abrogated by written law, is always a defense to an action based on negligence,—and that this court should incline to the side according the greatest dignity to legislative efforts to conserve the security of children, against even being employed by their consent and consent of their parents or guardians, where they will be subjected to serious dangers on account of inadvertently receiving bodily injuries, which evince such supreme care in respect to the matter as to make the employment, of itself, criminal.

As, perhaps, already sufficiently indicated, the contention that contributory negligence has, uniformly, been held by this court to be a defense in an action based on negligence, and therefore the decision below is wrong, is beside the case. It fails to appreciate that there can be no contributory negligence, strictly so called, except in cases of concurrent inadvertence, denominated ordinary negligence or want of ordinary care. *Bolin v. C., St. P., M. & O. R. Co.* 108 Wis. 333, 84 N. W. 446; *Haverlund v. C., St. P., M. & O. R. Co.* 143 Wis. 415, 128 N. W. 273; *Astin v. C., M. & St. P. R. Co.* 143 Wis. 477, 128 N. W. 265. There must be inadvertence of the defendant or there can be no contributory negligence of the plaintiff. Where the fault of the person causing the injury is characterized by advertence, denominated in our system, gross negligence,—wrong having the element of actual intent to injure or such disregard of consequences as to be equivalent thereto, and so, called constructive intent,—the contributory fault of the person injured is not, properly, characterizable as contributory negligence, and the general rule as to efficiency of such fault to save the wrongdoer from the consequences of his act has no application. True, it is

often said in such cases, contributory negligence is not a defense, but logically there is no such negligence possible, as the term is ordinarily understood in the classification of the degrees of negligence as maintained here almost from the beginning of our system of jurisprudence. *Astin v. C., M. & St. P. R. Co.* 143 Wis. 477, 128 N. W. 265.

So it will be seen that, it is somewhat of a misnomer to speak of fault of the plaintiff in this case as contributory negligence. Manifestly there was no negligence on the part of appellant, and could have been none, strictly speaking, falling within the class of faults regarded as mere want of ordinary care and denominated ordinary negligence. The fault was advertent in character. There was an actual or constructive intent to violate the law, equivalent, as indicated, to a constructive intent to cause the consequences which the law was designed to prevent.

It may be the dividing line is somewhat shadowy between those failures to guard dangerous machinery, where required to do so by the written law, commonly treated as inadvertence, and the fault dealt with here, but it is believed that there is a logical distinction. Courts elsewhere, particularly the Illinois court, ground their decisions on such distinction, in that one is a violation of a criminal law and the other of a mere regulation penalized for the benefit of the person injured rather than on the fact that the violation of a prohibitory criminal law has none of the characteristics of inadvertence admitting of concurrence of faults of that nature. That may well be attributed to the fact that negligent acts, in the broad aspect, are not classified there as they are here. So the Illinois court makes the violation of the criminal prohibitory law the significant thing, while here such a violation is regarded as of the same serious character and so, logically, outside the field where contributory fault would otherwise be contributory negligence and preclude a recovery.

*By the Court.*—The judgment is affirmed.