STETZ, by guardian *ad litem,* Appellant, vs. F. MAYER BOOT
& SHOE COMPANY, Respondent.

*February 24—May 2, 1916.*

*Workmen's compensation: What minors are "employees:" Employ-*
*ment in violation of law: Injury: Liability of master: Misrepre-*
*sentation as to age: Counterclaim: Estoppel: Settlement and re-*
*lease: Guardian and ward.*

1. A minor under sixteen years of age who, at the time of his employ-
ment and injury, had not obtained a written permit authorizing
his employment as required by sub. 1, sec. 1728*a*, Stats., was not
"legally permitted to work under the laws of the state" within
the meaning of sub. (2), sec. 2394—7, Stats., and hence was not
an "employee," within the meaning of the latter section, whose
rights in respect to such injury were governed by the Workmen's
Compensation Act. *Foth v. Macomber & W. R. Co.* 161 Wis. 549,
distinguished and limited.

2. One who, in violation of sub. 1, sec. 1728*a*, Stats., employs a minor
under the age of sixteen years without the written permit there-
in provided for, and is thus guilty of a misdemeanor under sec.
1728*h*, is liable for injuries sustained by the minor as a result of
such unlawful employment, and the facts that the minor and his
father misrepresented his age in order to secure such employ-
ment and that the employer was justified, in the exercise of
proper vigilance, in relying upon their representations that the
boy was more than sixteen years of age, do not constitute a de-
fense in the action by the minor to recover for such injuries.

3. Nor do the facts above stated form a basis for a counterclaim by
the employer against the minor for damages on account of such
misrepresentation.

4. The statute (sec. 1728*a*, Stats.) being declaratory of a public pol-
icy, and the act of the employer only, not that of the minor, be-
ing made unlawful, the fact that the minor misrepresented his
age does not bar or estop him from recovering damages for his
injury.

5. A settlement agreed upon for injuries to a minor employee and
a release signed by his guardian under the mistaken supposition
that the claim was governed by the Workmen's Compensation
Act, did not settle the claim for damages for his injuries result-
ing from his employment in violation of sec. 1728*a*, Stats., there
being manifestly no such intention; and in any event the re-
lease, not having been approved by the county judge as required
by sec. 3982, Stats., is not binding upon the minor as to such
claim for damages.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Reversed.*

This is an action to recover damages resulting from personal injuries sustained by the plaintiff while in the employ of the defendant company.

The defendant is a corporation engaged in the manufacture of boots and shoes in the city of Milwaukee. The plaintiff was employed by the defendant, and while operating a heel-press machine he was injured. At the time the plaintiff was injured he was less than sixteen years of age and had no permit authorizing his employment. The plaintiff went with his father and uncle to the home of the foreman of the defendant company to apply for work. They represented to defendant's foreman that plaintiff was then sixteen years of age. Sometime after plaintiff was injured he went to the liability insurance company which carried insurance for the defendant, and a settlement of $287.84 was agreed upon as the maximum allowed under the Workmen's Compensation Law. Plaintiff's guardian signed a release for this amount. This settlement was approved by the industrial commission, but was not approved by the county court of Milwaukee county. The court submitted a special verdict to the jury, who found (1) that the plaintiff was less than sixteen years of age at the time he was employed by the defendant; (2) that the plaintiff represented to the defendant's foreman at the time he was employed that he was more than sixteen years of age; (3) that the plaintiff's father, at or prior to plaintiff's employment, represented to the defendant's foreman that plaintiff was more than sixteen years of age; (4) that the foreman was justified in the exercise of proper vigilance, in the light of plaintiff's appearance, in relying upon the representations that the plaintiff was more than sixteen years of age; (5) that there were no false and fraudulent representations knowingly made by any one, on behalf of the defendant or the insurance company, to the plaintiff or his father as an inducement to the

signing of the release of plaintiff's claim; (8) that there was not gross negligence on plaintiff's part which contributed to his injury; (9) that if plaintiff is entitled to recover his damages are $985.

The court awarded judgment on this verdict dismissing plaintiff's complaint with costs. From such judgment this appeal is taken.

For the appellant there was a brief by *Rubin, Fawcett & Dutcher,* attorneys, and *P. R. Newcomb,* of counsel, and oral argument by *Mr. Newcomb.*

For the respondent there was a brief by *Doe, Ballhorn, Wilkie & Doe,* and oral argument by *J. B. Doe.*

The following opinion was filed March 14, 1916:

SIEBECKER, J. Are the rights of the parties to this action governed by the provisions of the Workmen's Compensation Law, secs. 2394—1 to 2394—31, Stats. 1915, inclusive? By sub. (2) of sec. 2394—7 of this act the term "employee" as used in the Workmen's Compensation Law shall include "Every person in the service of another under any contract of hire, express or implied, oral or written, including aliens, and also including minors who are legally permitted to work under the laws of the state (who, for the purposes of section 2394—8, shall be considered the same and shall have the power of contracting as adult employees)." The plaintiff was less than sixteen years of age at the time of his employment and injury. He had not obtained "a written permit authorizing the employment" of him, under sub. 1, sec. 1728a, which forbids the employment of children "between the ages of fourteen and sixteen years . . . in any factory or workshop, . . . or at any gainful occupation, or employment, directly or indirectly, unless there is first obtained from the commissioner of labor . . ." or other specified officers "a written permit authorizing the employment of such child within such time or times as the said commissioner of

labor . . ." or other officers "may fix; . . ." If the plaintiff's legal remedy for the injury he suffered is governed by the Workmen's Compensation Law, then the defendant has discharged its obligations toward him by the settlement made with him under this law, which received the formal approval of the industrial commission.

The plaintiff, being under sixteen years of age at the time of employment and not having obtained a written permit authorizing his employment as provided by sub. 1, sec. 1728a, could not be legally employed by defendant for the service at which he was engaged and in which he suffered his injuries. The terms of sub. (2), sec. 2394—7, which confers on minors the power to contract for employment the same as adults, clearly limit the power so conferred to minors "who are legally permitted to work under the laws of the state." It seems plain that the statute includes only such minors who at the time of contracting are legally authorized to enter the employer's service. The legislative intent evidently is to enable any minor who has the legal right to work to make a contract for his employment the same as adults, and if he has the legal authority to exercise this right then he "shall be considered the same . . . as adult employees" for the purposes of sec. 2394—8 of the Workmen's Compensation Law. The provisions of this statute can only apply to minors who are at the time of contracting to enter the service of another authorized and permitted under the law to engage in such service and employment the same as adults.

It is urged that the Workmen's Compensation Law applies to and includes all minors in the service of others, who, under the law, may upon specified conditions and circumstances obtain a permit authorizing their employment, without first obtaining the permit provided by law. This contention runs counter to the terms of the Compensation Law and the provisions of other statutes prohibiting the employment of children under certain ages. The interpretation of sub. (2), sec.

2394—7, as applied in *Foth v. Macomber & W. R. Co.* 161 Wis. 549, 154 N. W. 369, does not include the instant case. In that case the minor who was injured was at the time of entering the services legally authorized to engage in the occupation for which he contracted to work, but at the time of injury he was working at a machine at which he was forbidden to work, and it was held that, since the minor was legally authorized to make that contract of employment, for the purposes of sec. 2394—8 he must be considered the same as an adult employee, and that under the facts and circumstances shown he was injured while "performing service growing out of and incidental to his employment." The language of the court in the decision of the *Foth Case* must be understood and interpreted in the light of the facts of that case. When so read and properly restricted in its application, the phraseology employed in construing the statutes therein referred to does not conflict with the interpretation of the law in its application to this case. From the foregoing it necessarily results that the provisions of the Workmen's Compensation Law do not govern the rights of the parties to this case.

The question then arises whether or not the defendant is liable in damages to the plaintiff under the law applicable to persons having the relation which is shown to have existed between plaintiff and defendant when the accident happened. The provisions of sub. 1, sec. 1728a, prohibit the employment of any child between the ages of fourteen and sixteen years to work in any factory or workshop, etc., without first obtaining a written permit as therein specified. Sec. 1728h declares that any employer, including a corporation, violating the provisions of sec. 1728a shall be deemed guilty of a misdemeanor and liable to fine or imprisonment. It is without dispute that defendant's employment of plaintiff, under the facts found by the jury, was a violation of these statutes and makes the defendant liable in damages to plaintiff, unless the finding of the jury to the effect that defendant's foreman was reason-

ably justified, under all the facts and circumstances, in rely-
ing on plaintiff's representation that he was more than six-
teen years of age, bars the plaintiff's right to a recovery of
his damages.     In *Pinoza v. Northern C. Co.* 152 Wis. 473,
140 N. W. 84, it was held that in an action for injuries to a
boy under sixteen years of age which resulted from his em-
ployment by the defendant in that case in violation of sec.
1728a, Stats. 1911 (ch. 338, Laws 1909), in an "employment
dangerous to life and limb," the defense of contributory neg-
ligence is not available, and that such a violation of the stat-
ute, constituting a criminal offense, is classed with gross neg-
ligence as defined in our law and makes the person liable in a
civil action for the injuries resulting from such violation of
the law.     The basis of that decision rests essentially, as there
declared, on these propositions:

"If a person purposely does an act in violation of a duty
created by law as regards the personal safety of others, and
the policy of the written law is that the prevention of such
violations is so important that a person guilty thereof should
in addition to civil liability to the injured person be held
criminally liable as for a serious offense against the public,
the act should be regarded as done regardless of human life or
bodily injury . . . ; thus classing the act of the wrongdoer
with ordinary acts of gross negligence. . . . The principle
thus stated is in harmony with general public policy.     Every
one is presumed to know the law, even though as a matter of
fact he may be ignorant of it."

*Lenahan v. Pittston C. M. Co.* 218 Pa. St. 311, 67 Atl.
642; *Stehle v. Jaeger A. M. Co.* 220 Pa. St. 617, 69 Atl.
1116; *Strafford v. Republic I. & S. Co.* 238 Ill. 371, 87 N.
E. 358.

Upon the facts of this case the defendant, under the doc-
trine as applied in the *Pinoza Case,* is liable to plaintiff for
the injuries he sustained as a result of such unlawful em-
ployment of him by the defendant unless plaintiff's misrep-
resentation of his age to defendant's foreman, as found by

the jury, operates as a bar to plaintiff's right to recover damages for his injuries. As has been indicated in the decisions of this court, the liability in this class of cases is predicated on the tort arising from the act which the law denounces as a crime as distinguished from liability arising from acts of ordinary negligence. In those cases it is said of the act of the employer in employing a minor in violation of the law, which results in injury to the minor, "The fault was advertent in character. There was an actual or constructive intent to violate the law, equivalent, as indicated, to a constructive intent to cause the consequences which the law was designed to prevent." Under the law as here established the record now before us presents no case within the law of negligence, and all precedents in other jurisdictions, of which *Koester v. Rochester C. Works,* 194 N. Y. 92, 87 N. E. 77, is representative, have no application to this case because it and others similar in their character go on the grounds of negligence.

The inquiry then arises, Is plaintiff estopped from recovering his damages in this case by misrepresenting his age to defendant's foreman at the time he was employed? The object of the provisions of sec. 1728a, Stats., is to conserve the health and morals of children in the interest of the general welfare. It is declaratory of a public policy and makes all employments of children contrary to its provisions criminal acts, and we do not deem it permissible for the court to so construe the statute and restrict its operative effect that it would not harmonize with this clear legislative intent. To permit an employer to protect himself against the consequences resulting from his violation of this law by the plea that he acted with reasonable diligence to avoid a breach of it, would seriously restrict and modify the beneficial objects for the protection of children which the legislature obviously intended to accomplish. The *Pinoza Case* points out the fact that the statute is undoubtedly taken from a similar one

in the state of Illinois and was there construed, before this state enacted it, in *American C. & F. Co. v. Armentraut,* 214 Ill. 509, 73 N. E. 766. In that case the injured child had misrepresented his age, and it was urged that such misrepresentation was a bar to his recovery in an action for injuries resulting from the illegal employment. The court held: "This doctrine is not applicable for the reason that the statute under consideration is aimed at the master and not at the servant. The act of the child in accepting or entering into the employment is not unlawful." In the case of *Inland S. Co. v. Yedinak,* 172 Ind. 423, 87 N. E. 229, where a minor brought action for injuries he suffered from a violation of a statute of this class, the court, after a thorough review of the grounds upon which the policy of such statutes rests, holds that a minor is not barred or estopped from recovering damages for such injuries by his misrepresenting his age. This rule was also enforced in the following cases wherein this question was presented for decision: *DeSoto C. M. & D. Co. v. Hill,* 179 Ala. 186, 60 South. 583; *Syneszewski v. Schmidt,* 153 Mich. 438, 116 N. W. 1107; *Kirkham v. Wheeler-Osgood Co.* 39 Wash. 415, 81 Pac. 869; *Matlock v. W., G. & St. L. R. Co.* 198 Mo. 495, 95 S. W. 849. In *Eliot v. Eliot,* 81 Wis. 295, 51 N. W. 81, the question whether an infant who is incapable of entering into a marriage contract for want of age is estopped by a fraudulent declaration of his age, which induced a marriage with him, was negatived upon the ground that an infant who is legally incapacitated to make a valid contract of marriage is incapable also to estop himself by such fraudulent representation. The case of *Grauman, M. & C. Co. v. Krienitz,* 142 Wis. 556, 126 N. W. 50, holds that a minor may by his own fraud estop himself from assailing a contract on the ground of infancy, but it is declared that the rule rests upon certain conditions, and that: "It is confined to cases where the infant, though under legal discretion, is in fact developed to the condition of actual discretion. It is further confined to cases of actual fraud and

Stetz v. F. Mayer Boot & Shoe Co. 163 Wis. 151.

where the contract or transaction is beneficial to the minor." The doctrine as applied to minors is there held to be closely fenced about: "(1st) By necessity for actual discretion; (2d) necessity for actual fraud; (3) necessity for beneficial nature of the transaction to the minor." An attempt to class the instant case as within the foregoing rules would necessarily fail because the employment of the plaintiff in violation of the law is obviously not a transaction which can in any light be considered beneficial to the minor. It necessarily follows from what has been said on the foregoing questions that defendant's contention respecting its rights to enforce a counterclaim for damages resulting from the minor's fraudulent misrepresentation of his age must fail. As indicated, these misrepresentations of the plaintiff afford no legal ground on which defendant can predicate a claim against the minor.

The release given by plaintiff's guardian was based on the ground that the plaintiff's claim against defendant was regulated and controlled by the provisions of the Workmen's Compensation Law. Manifestly there was no intent to settle the plaintiff's claim against defendant under the law for damages for his injuries resulting from his wrongful employment in violation of the law. Furthermore, if it is claimed that the release included this claim for damages, it is not binding on plaintiff because it was not approved by the county court as is required by sec. 3982, Stats. The guardian's power is limited by the law, and his acts which the law does not sanction are not binding on his ward.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded to the circuit court with direction to award judgment in plaintiff's favor for the recovery of the damages found by the jury.

VINJE, J., dissents.

A motion for a rehearing and for a modification of the mandate was denied, with $25 costs, on May 2, 1916.