STRYK, Respondent, vs. MNICHOWICZ, Appellant.

*March 7—April 3, 1918.*

*Fraud: Criminal act induced by false representations: Master and servant: Illegal employment of boy under sixteen: Recovery by employer against parent: Evidence: Relevancy: Costs: Time limited for perfecting judgment: Special verdict.*

1. One who is induced by false representations to do an act which, in consequence of such representations and without negligence on his part, he believes to be neither illegal nor immoral, and which would not be illegal or immoral if the representations were true, but which is in fact a criminal offense, may recover

from the maker of the representations any damages sustained by him proximately resulting from the act.

2. The rule that a minor, suffering an injury while engaged in an employment which the law forbids him to be engaged in on account of his age, cannot be barred of his recovery nor subjected to an action or counterclaim for damages because he misrepresented his age when he was employed, does not apply to the father or other third person upon the faith of whose false representations the minor was employed.

3. In an action by an employer against a father who, by false representations as to the age of his son, had induced the plaintiff to employ the son in violation of law, a question on plaintiff's cross-examination as to whether he knowingly had, at the time he hired defendant's son, other boys under sixteen years old working in his factory, was properly excluded, there being no offer to show that such boys were employed in violation of law.

4. Testimony of witnesses in such case that they had worked for plaintiff on prohibited machinery while they were under sixteen years of age was properly excluded, there being no offer to show that plaintiff either knew or ought to have known that they were under the required age.

5. Sec. 2894a, Stats., requiring the successful party to perfect judgment within sixty days after verdict or forfeit costs, does not apply in case of a special verdict finding the facts only. The sixty days does not begin to run in such case until the court decides who is the successful party.

Owen and Eschweiler, JJ., dissent.

Appeal from a judgment of the circuit court for Taylor county: G. N. Risjord, Circuit Judge. *Affirmed.*

Action for damages for deceit. The plaintiff operates a box factory. The defendant's son, Alfonse, Jr., was employed by the plaintiff in his factory October 14, 1914, and injured in the course of that employment December 11, 1914. The boy was but fourteen years of age at the time of his employment, but the plaintiff claims that the defendant, for the purpose of securing the employment of his son, represented that the son was over sixteen years of age at the time, and that the son was employed on the faith of that representation. The making of any such representation is denied by the defendant. The son's leg was broken while working

about some of the machinery of the mill. The plaintiff provided medical care and offered compensation at the rate provided by the Workmen's Compensation Law, but it was refused by the boy's parents and action was brought by the boy against the plaintiff for damages on the ground that he was under sixteen years of age and had been put at work at machinery dangerous to life and limb, in violation of sub. 2, sec. 1728*a*, Stats. 1915, which forbids the employment of minors under sixteen years of age at any employment dangerous to life or limb. This action was tried and resulted in a special verdict finding that the boy was under sixteen years of age when injured; that the machine at which he was employed was dangerous to the life and limb of a person under that age, and assessing the damages at $250. The plaintiff was insured against liability under the Workmen's Compensation Law, but the policy did not cover damages suffered by reason of injuries or death of a minor employed contrary to law. The plaintiff, therefore, was obliged to pay the judgment in favor of the boy and also defray the expenses of the litigation. In this action he seeks to recover those sums.

The jury returned the following special verdict:

"(1) Did *Alfonse Mnichowicz,* in October, 1914, and before his son Alfonse entered the employ of *Anton Stryk* and Malim Stryk, represent to said Malim Stryk that the boy was then sixteen years old? *A.* Yes.

"(2) If your answer to the first question is 'Yes,' then did the defendant, *Alfonse Mnichowicz, Sr.,* make such representation for the purpose of inducing the plaintiff and Malim Stryk to employ the defendant's son Alfonse? *A.* Yes.

"(3) If your answer to the first question is 'Yes,' then did the plaintiff rely upon such representation at all of the time the boy was employed by the plaintiff up to the time of his injury? *A.* Yes.

"(4) If your answer to the first question is 'Yes' and your answer to the third question is 'Yes,' then did the plaintiff,

up to the time of the boy's injury, exercise ordinary care in relying upon the representation so made by the defendant? A. Yes.

"(5) What sum did the plaintiff reasonably expend, in addition to the payment of the judgment of $362.62, as a result of the employment of the boy Alfonse? A. $200."

The defendant appeals from judgment on the verdict in plaintiff's favor.

The cause was submitted for the appellant on the briefs of *A. L. Smongeski* of Stevens Point, and for the respondent on that of *Herman Leicht* of Medford.

WINSLOW, C. J. The following propositions are decided in this case:

1. Where a person is induced by the false representation of another to do an act which in consequence of such misrepresentation he (without negligence on his part) believes to be neither illegal nor immoral, and which would not be illegal or immoral if the representation were true, but which is in fact a criminal offense, he may recover from the maker of the representation any damages sustained by him proximately resulting from the act. *Burrows v. Rhodes,* [1899] 1 Q. B. 816; *Morrill v. Palmer,* 68 Vt. 1, 33 Atl. 829, 33 L. R. A. 411; *Hess v. Culver,* 77 Mich. 598, 43 N. W. 994.

2. The rule that a minor, suffering an injury while engaged in an employment which the law forbids him to be engaged in on account of his age, cannot be barred of his recovery nor subjected to an action or counterclaim for damages because he misrepresented his age when he was employed (*Stetz v. F. Mayer B. & S. Co.* 163 Wis. 151, 156 N. W. 971), does not apply to the father or other third person upon the faith of whose false representations the minor was employed. The law prohibiting the employment of children of tender years at dangerous occupations is for the protection of the children themselves, and public policy forbids that they should be capable of dispensing with its provisions. The same consideration, however, does not apply to the act

of the parent. No good reason is perceived why he should not answer for his wrong.

3. The findings of the jury in the present case are supported by sufficient evidence, and when taken in connection with admitted facts sustain the judgment.

4. The plaintiff was asked on cross-examination if he knowingly had in his employ, working at the factory, boys under sixteen years of age at the time he hired the defendant's son, and an objection to the question was sustained. There was no offer to show that such boys, if employed, were employed in violation of law, i. e. at any prohibited occupation or without a permit such as the law requires. There may be other reasons justifying the ruling, but this seems sufficient.

5. Witnesses were called to testify that they worked for the plaintiff on prohibited machinery several years ago when they were under sixteen years of age, and objection to such testimony was sustained. This ruling was correct for the reason that there was no offer to show that the plaintiff either knew or ought to have known that the witnesses were under the required age.

6. Sec. 2894a, Stats., requiring the successful party to perfect the judgment within sixty days after the filing of findings or rendition of a verdict or forfeit his right to costs, plainly does not apply to a case in which a special verdict finding the facts alone is rendered. *Colle v. K., G. B. & W. R. Co.* 149 Wis. 96, 135 N. W. 536. No one can tell in such case which party is successful until the court makes a decision or finding on the question. Necessarily the sixty days does not begin to run until that decision is made.

Other questions are raised, but they are not deemed of sufficient merit to require discussion.

*By the Court.*—Judgment affirmed.

Owen, J. (*dissenting*). The statutes of this state prohibit the employment of minors under specified ages in cer-

tain occupations dangerous to life and safety and prescribe criminal penalties for their violation.    In *Pinoza v. Northern C. Co.* 152 Wis. 473, 140 N. W. 84, it was held that one who employed minors in violation of such statutes was guilty of gross negligence and was practically defenseless in an action brought for damages for personal injuries sustained by a minor while so employed.    In *Stetz v. F. Mayer B. & S. Co.* 163 Wis. 151, 156 N. W. 971, it was held that neither the misrepresentation of the minor so employed, nor that of his father, with reference to his age at the time of his employment could be shown in defense to an action by the minor to recover for personal injuries sustained in such employment.    These cases were grounded on considerations of sound public policy and have been accorded distinct legislative and general public approval.    They have compelled respect for our child-labor laws and have been more potent in restraining their violation than criminal penalties and all other agencies tending to that accomplishment.

It is now decided by this court that where a father misrepresents to an employer of labor that his son is of employable age, and such son is employed pursuant to such representation, and sustains injuries while in such employment and a recovery is had of such employer for injuries sustained by the minor while so employed, the employer may sue the father in an action for deceit because of the false representations concerning the age of the child, and recoup himself for damages to which he was subjected in the personal injury suit of the son.    The practical effect of this decision cannot be doubtful.    It is as certain as the instincts of human nature.    The *Pinoza* and *Stetz Cases* are devitalized.    They have lost their potency as a restraining influence upon those who would employ children in defiance of our statutes.

There are just two classes interested in the employment of child labor: first, the parents, desirous of converting their children into wage earners; and second, those who may prof-

itably use such labor.    The lawmakers have recognized this,
and in order to compel observance of child-labor restrictions
have visited penalties upon the parents, and upon the em-
ployers of such labor.    The two interested in the employment
of such labor, under the decision in this case, may now con-
nive to this end without fear of the consequences arising
from the doctrine of the *Pinoza* and *Stetz Cases.*    The
father may take his son to an employer of labor, give
assurance that he is of employable age, and the employer
may rely solely upon such assurance and set the child at
work.    It is true that if injured while so employed the rep-
resentation made by the father will not avail the employer
in an action brought in the name of the minor for a recovery
for personal injuries.    But we may rest assured that such
action will not be brought.    From the very nature of things,
such action is under the practical control of the father; and
he has but to be reminded that if such action be brought the
employer will proceed to recoup himself in a tort action
against the father.    Right here it is said that this weapon in
the hands of the employer will not be effective, because the
father, as a rule, is irresponsible, and the cause of action
which this decision gives to the employer will not restrain
the father from insisting upon the action in favor of the son.
To this suggestion there are two answers: First, that the
effect of this decision should be tested upon the hypothesis
that the father is responsible, in which case it must be con-
ceded that the cause of action given by the *Pinoza* and *Stetz
Cases* in favor of the minor results in no harm to the em-
ployer.    The second answer is that the employer may so
picture the dire consequences of a tort judgment to the father
that rather than invite their visitation he will permit the
son's action to lie dormant.    This, it seems to me, is the in-
evitable, practical result of the decision in this case.

    The right of action here sanctioned may well be denied
upon grounds of public policy, the promotion of the general

welfare, and in the interests of the enforcement of our child-labor laws. It may also be firmly grounded upon another consideration, and that is that the employer of labor has no right to rely upon the representation of the father who is so keen to convert his children into revenue producers that legislative restraint in the form of criminal penalties is deemed necessary.

By sec. 1728*j*, Stats., it is provided that when there is any doubt in a court proceeding as to the age of any child a verified baptismal certificate or a duly attested birth certificate shall be produced and filed with the court. In case such certificates cannot be secured, upon proof of such fact the record of age stated in the first school enrolment of such child shall be admissible as evidence thereof. It requires no argument that in this state, at this time, the employment of children of unsuitable age in dangerous employments is of great public concern. Our comprehensive statutes upon the subject disclose indubitable evidence of legislative recognition of that fact, and the decisions in the *Pinoza* and *Stelz Cases* indicate a commendable judicial concurrence. When the importance of this matter is so generally conceded, I hold that an employer of labor should not be permitted to rely upon the representations made by the father concerning the age of his child whom he proffers for employment. His responsibility should be less shifting and evasive. He should be required to satisfy himself in some of the methods mentioned in sec. 1728*j*, Stats., or by some other reliable evidence, that the minor is of employable age. For these reasons I think the judgment in this case should be reversed, with instructions to dismiss plaintiff's complaint. I therefore most respectfully dissent.

ESCHWEILER, J. I concur in the foregoing dissenting opinion of Justice OWEN.