AYLWARD and others, Respondents, vs. INDUSTRIAL COM-
MISSION OF WISCONSIN and others, Appellants.

*November 8—December 3, 1929.*
*May 2—October 14, 1930.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan* and *Herbert H. Naujoks,* assistant attorneys general, and oral argument by *Mr. Naujoks.*

For the appellants Louis and Clara Lemke the cause was submitted on the brief of *Winter & Winter* of Shawano.

For the respondents there was a brief by *Olin & Butler,* and oral argument by *C. J. Mathys,* all of Madison.

The following opinion was filed December 3, 1929:

ROSENBERRY, C. J.   Normal compensation in this case has been paid.   The question presented here is whether or not the claimants are entitled to increased compensation by reason of the fact that the deceased Arthur L. Lemke was employed without a permit, and that in turn depends upon whether or not a minor between the age of fourteen and seventeen years is required to have a permit in order to be lawfully employed in digging a sewer.

Sec. 102.09 (7), Stats. 1925, provides in part:

"When the injury is sustained by a minor illegally employed, compensation and death benefits, as provided in sections 102.03 to 102.35, shall be as follows:

"(a) Double the amount otherwise recoverable, if the injured employee is a minor of permit age, and at the time

of the accident is employed, required, suffered or permitted to work without a written permit issued pursuant to section 103.05, except as provided in paragraph (b)."

Sec. 103.05 (4) (a), Stats. 1925, provides in part:

"No child between the ages of fourteen and seventeen years unless indentured as an apprentice, as provided in section 106.01 of the statutes, shall be employed, or permitted to work at any time in any factory, workshop, store, hotel, restaurant, bakery, mercantile establishment, laundry, telegraph, telephone or public messenger service, or the delivery of any merchandise, or at any gainful occupation, or employment, directly or indirectly, or, in cities wherein a vocational school is maintained, in domestic service other than casual employment in such service, unless there is first obtained . . . a written permit authorizing the employment of such child in such employment within such time or times as the said industrial commission or a judge or other person designated by said commission may fix; . . . "

Sec. 103.05 (1), Stats. 1925, provides:

"The terms . . . 'employment' . . . as used in sections 103.05 to 103.15, inclusive, shall be construed as defined in section 101.01 of the statutes."

Sec. 101.01 (2), Stats. 1925, provides:

"The term 'employment' shall mean and include any trade, occupation or process of manufacture, or any method of carrying on such trade, occupation, or process of manufacture in which any person may be engaged, except in such private domestic service or agricultural pursuits as do not involve the use of mechanical power."

The specific question is, Does employment in the digging of a sewer come within the term "any gainful occupation" as used in par. (a) of sub. (4) of sec. 103.05, Stats. 1925? Looking at the statute as it stands and applying the ordinary rule of construction, we should be obliged to interpret it "or at any other gainful occupation," etc., applying the rule of *noscitur a sociis*. But the history of the statute which

should be considered in its construction leads to a puzzling situation. In sec. 103.05 (4) (b), immediately following the section using the language "gainful occupation," we find the following:

"No child under the age of fourteen years shall be employed, or permitted to work at any gainful occupation or employment, except that during the vacation of the public or equivalent school in the town, village or city where any child between the ages of twelve and fourteen years resides, it may be employed in any store, office, mercantile establishment, warehouse, telegraph, telephone or public messenger service, in the town, village or city where it resides and not elsewhere; provided that it shall have first obtained a permit in the same manner and under the same conditions as prescribed in paragraph (a) of subsection (4) of this section."

Here the legislature used the words "gainful occupation" in an all-inclusive sense, making no enumeration of occupations.

Sec. 103.05 (4) (a) first appeared as ch. 519, sec. 9, of the Laws of 1889:

"No child under thirteen years of age shall be employed or allowed to work by any person, company, firm or corporation at labor or service in any shop, factory, mine, store, place of manufacture, business or amusement except as hereinafter provided."

Ch. 109, sec. 1, of the Laws of 1891 provided:

"No child under fourteen years of age shall be employed at labor or service in any mine, factory, workshop or place of public entertainment or amusement, in this state, except upon permit as hereinafter provided."

It is to be noted that the words "place of public entertainment" have been added and "store, place of manufacture, business" have been dropped from the statute.

Ch. 274, sec. 1, of the Laws of 1899 provided:

"No child under fourteen years of age shall be employed at any time in any factory or workshop or in or about any

mine. No such child shall be employed in any mercantile establishment, laundry or in the telegraph, telephone or public messenger service, except during the vacation of the public schools in the town, district or city where such child is employed."

Ch. 349, sec. 1, of the Laws of 1903 provided:

"No child between the ages of fourteen and sixteen years shall be employed at any time in any factory or workshop, bowling alley, bar room, beer garden, in or about any mine, store, office, hotel, mercantile establishment, laundry, telegraph, telephone, public messenger service or work for wages at any gainful occupation at any place, unless there is first obtained . . . a written permit."

Here for the first time the words "gainful occupation" appear in this section. Instead of using these words in an all-inclusive sense as they were used in sec. 103.05 (4) (b), the legislature enumerates and adds eleven specific employments which would certainly otherwise have been included under the term "gainful occupation" and omits the words "or place of public entertainment or amusement" which appear in the Statutes of 1898, being ch. 109 of the Laws of 1891, which would have been included in "gainful occupation." Did the legislature intend to leave them out and put them in by the same act? Ch. 338 of the Laws of 1909, after the words "or at any gainful occupation," added the words "directly or indirectly." This chapter, however, omitted the words "for wages at any place" and also omitted the words "bar room, beer garden, office." The argument is that if the legislature intended the words "any gainful occupation" to include all employments, why should it enumerate any number of occupations and exclude several occupations which had been in the statutes before?

Ch. 479, sec. 1, of the Laws of 1911 provided:

"No child between the ages of fourteen and sixteen years shall be employed, required, suffered or permitted to work

at any time in any factory or workshop, store, hotel, restaurant, bakery, mercantile establishment, laundry, telegraph, telephone or public messenger service, or the delivery of any merchandise or at any gainful occupation, or employment, directly or indirectly, unless there is first obtained . . . a written permit."

Here the words "bowling alley and mine" are omitted, and although the words "gainful occupation" are used, the legislature adds to the former enumeration "restaurant, bakery, or the delivery of any merchandise," which it is argued would indicate the legislative intent to require a permit in those employments specifically designated and not in other gainful occupations.

Ch. 674 of the Laws of 1917 amended the prior enactment by adding after the word "indirectly" the following: "or, in cities wherein a vocational school is maintained, in domestic service other than casual employment in such service." If the statute prior to 1917 did not require permits in all gainful occupations, it is difficult to see the purpose of the 1917 amendment because domestic service was not one of the enumerated occupations.

By ch. 434 of the Laws of 1921, sec. 1728a was added— now sec. 103.05 (6) (d)—which specifically exempted children employed in agricultural pursuits from the necessity of securing a permit before being allowed to engage in such work, from which it is argued that the words "gainful occupation" include other employments than those specifically enumerated, otherwise it was not necessary to create by legislative enactment the exception by ch. 434 of the Laws of 1921.

It is further persuasively argued that the general purpose of the law was to protect child life and prevent exposure to risks and hazards such as those to which the deceased in this case was exposed, without first having the matter passed upon by public authority, and that the employment of sewer digging certainly is much more dangerous than many of the

specific employments enumerated, and for that reason and to give effect to the legislative intent the words "gainful occupation" should be so construed as to include the employment of sewer digging. To that there is the reply that the legislature had all of those considerations before it, yet when it enacted the law for minors under fourteen years of age it used the words in an all-inclusive sense. Had it intended to use the words in the same sense in the section under consideration there would have been no necessity for an enumeration and that therefore they must have been used in a different sense.

These and other considerations leave the members of the court sitting equally divided as to the legislative purpose, and the judgment appealed from must therefore be affirmed. We have indicated the difficulties which are presented in the construction of this statute with the hope that the legislature will at the first opportunity clarify it.

*By the Court.*—Judgment affirmed.

The following opinion was filed June 23, 1930:

## On Rehearing.

Per Curiam. This case has been reargued and reconsidered. It is considered that the statute should be so construed as to apply to the minor in question.

Our attention is directed to the fact that the terms *place of employment, employment, employer,* and *employee* are, for the purposes of the section under consideration, defined as provided in sec. 101.01, Stats. It is there provided that

"(2) The term 'employment' shall mean and include any trade, occupation or process of manufacture, or any method of carrying on such trade, occupation, or process of manufacture in which any person may be engaged, except in such private domestic service or agricultural pursuits as do not involve the use of mechanical power."

A minor then employed in the digging of a sewer would be engaged in a forbidden employment within the meaning

of sec. 103.05 (4) (a). Applying the terms of this statute does not entirely remove the matter from the realm of doubt. However, considering the purpose of the statute as a whole, which is to protect child life and prevent its exposure to risks and hazards of the kind to which the deceased child was exposed in this case, it is held that the statute applied and that the judgment of the circuit court setting aside the award of the Industrial Commission was erroneous.

The Industrial Commission allowed treble damages in this case on the theory that the child was employed in a forbidden employment. Sec. 102.09 (7) (b). This was erroneous. Double damages should have been allowed under sec. 102.09 (7) (a) as for a minor of permit age employed without a permit.

The former mandate is vacated and set aside. It is ordered that the judgment of the circuit court be and it is hereby reversed, and the cause remanded with directions to the circuit court to enter judgment in accordance with this opinion.

The following opinion was filed October 14, 1930:

PER CURIAM. Upon a motion to modify the mandate the court is asked to remand the record to the trial court with directions to remand it to the Industrial Commission to have it determine whether or not the father of the deceased minor made misrepresentations as to the age of the minor at the time of his employment. This is apparently upon the theory that if such misrepresentations were made no award would be made, and based upon the case of *Stryk v. Mnichowicz* (1918) 167 Wis. 265, 167 N. W. 246.

If the record were so remanded it would require the Industrial Commission to consider and make determination of matters in no way committed to it by the workmen's compensation act. Whether or not such representations were made, and, if made, the employer may recover in an action

for deceit, are judicial questions over which the Industrial Commission has no jurisdiction.

It is further suggested that a finding should be made as to whether or not the minor was employed without a permit. Inasmuch as it appears practically without dispute that the minor was so employed, and in the amendment of the commission's findings filed March 22, 1928, the commission formally found that the deceased boy was under seventeen years of age and employed without a permit, nothing could be accomplished by a further finding.

The motion is denied without costs.