Pizzo, Administrator, Respondent, vs. WIEMANN and another, imp., Appellants.

*February 1—April 23, 1912.*

*Negligence: Unlawful acts: Sale of toy pistol: Death of user: Liability of wholesaler: Intervening acts: Proximate cause.*

1. One who does an unlawful act knowing, or with reasonable ground to believe, that it may probably result, in the natural course of events, in causing injury to some human being and regardless of whether it does or not, is liable in legal damages for the consequences, though directly brought about by the acts of other persons intervening, set in motion by the first unlawful act, and regardless of such interveners having acted with such knowledge as to be likewise liable.

2. Under the above rule, wholesalers in this state who sold a toy pistol to retailers are liable in damages for the death of a boy caused by his using the pistol after buying it in this state from the retailers, the sale of such pistol being a criminal offense under sec. 4397*a*, Stats. (1898).

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action against wholesalers and retailers for damages caused by putting on the market and selling to the intestate, a boy about eleven years of age, a toy pistol, whereby he came to his death.

In the complaint, by appropriate allegations, this was stated: Defendants, Wiemann & Muench, wholesale dealers, sold a toy pistol, with other like articles, to the other defendants, who were retail dealers, for the purpose of supplying the trade with such goods. The retailers, pursuant thereto, placed said articles on sale and sold one to the intestate. In using it he came to his death. Both of such sales were made in and by residents of this state, and the consequences stated happened therein. Sales of such character are expressly prohibited by statute and punishable by imprisonment in the

county jail, not more than six months, or fine, not exceeding $100, or both. The particular sale was made with full knowledge of the dangerous character of the article.

The facts were set forth in one cause of action, grounding the claim of liability on an executed combination of wholesalers and retailers to work off to customers for use, toy pistols in violation of the statute, and in a second cause of action, grounding the claim of liability on the article sold being to the knowledge of defendants inherently dangerous.

There was a general demurrer to the complaint by Wiemann & Muench which was overruled. They appealed.

For the appellants there was a brief by *Olin & Butler,* and oral argument by *W. R. Curkeet.* They cited *Curtin v. Somerset,* 140 Pa. St. 70, 21 Atl. 244; *First Presbyterian Cong. v. Smith,* 163 Pa. St. 561, 30 Atl. 279; *Losee v. Clute,* 51 N. Y. 494, 496; *McCaffrey v. Massberg & G. Mfg. Co.* 23 R. I. 381, 50 Atl. 651, 653; *Bragdon v. Perkins-Campbell Co.* 87 Fed. 109, 113; *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342, 359, 11 N. W. 356, 911; *Cole v. German S. & L. Soc.* 124 Fed. 113, 63 L. R. A. 416, 422; *Insurance Co. v. Tweed,* 7 Wall. 44, 52; *Bellnio v. Columbia C. Co.* 188 Mass. 430, 74 N. E. 684; *Fishburn v. B. & N. W. R. Co.* 127 Iowa, 483, 98 N. W. 380; *Mo. Pac. R. Co. v. Columbia,* 65 Kan. 390, 69 Pac. 338, 341; *Washington v. B. & O. R. Co.* 17 W. Va. 190; *Fawcett v. Railway Co.* 24 W. Va. 755; *Schwartz v. Shull,* 45 W. Va. 405, 31 S. E. 914, 917; *Shippers C. & W. Co. v. Davidson,* 35 Tex. Civ. App. 558, 80 S. W. 1032; *Terminal R. Asso. v. Larkins,* 112 Ill. App. 366, 370; *Peoria v. Adams,* 72 Ill. App. 662, 672; *Andrews & Co. v. Kinsel,* 114 Ga. 390, 40 S. E. 300; *Pittsburg R. Co. v. Horton,* 87 Ark. 576, 113 S. W. 647, 18 L. R. A. N. s. 905, 907; *Holmes v. Delaware & H. Co.* 128 App. Div. 24, 112 N. Y. Supp. 421, 422; *Carter v. Towne,* 103 Mass. 507; *Arkansas V. T. Co. v. McIlroy,* 97 Ark. 160, 133 S. W. 816, 819; *Lutz v. A. & P. R. Co.* 6 N. Mex. 496, 30 Pac. 912, 16

L. R. A. 819, 827, 829; *Claypool v. Wigmore,* 34 Ind. App. 35, 71 N. E. 509, 510, 511; 1 Thomp. Comm. on Neg. § 49; Thomp. Comm. on Neg. (White Supp.) § 54; and other authorities.

*Elmore T. Elver,* for the respondent, cited, among other cases, *Evans v. Waite,* 83 Wis. 286, 288, 53 N. W. 445; *Horton v. Wylie,* 115 Wis. 505, 508, 92 N. W. 245, 95 Am. St. Rep. 953; *Klatt v. N. C. Foster L. Co.* 97 Wis. 641, 645, 73 N. W. 563; *Stafford v. Chippewa Valley E. R. Co.* 110 Wis. 331, 358, 85 N. W. 1036; *Sharon v. Winnebago F. Mfg. Co.* 141 Wis. 185, 188, 124 N. W. 299; *Binford v. Johnston,* 82 Ind. 426, 42 Am. Rep. 508, 512; 1 Sutherland, Dam. (2d ed.) 35; *Hasbrouck v. Armour & Co.* 139 Wis. 357, 365, 121 N. W. 157, 23 L. R. A. N. s. 876; *Waters-Pierce Oil Co. v. Deselms,* 212 U. S. 159, 29 Sup. Ct. 270, 53 L. Ed. 453; *Clement v. Crosby & Co.* 148 Mich. 293, 111 N. W. 745, 10 L. R. A. N. s. 588; *Wellington v. Downer K. O. Co.* 104 Mass. 64; *Stowell v. Standard Oil Co.* 139 Mich. 18, 102 N. W. 227; *Poland v. Earhart,* 70 Iowa, 285, 30 N. W. 637; *Ives v. Welden,* 114 Iowa, 476, 87 N. W. 408, 54 L. R. A. 854; *Driscoll v. Allis-Chalmers Co.* 144 Wis. 451, 129 N. W. 401; *Glettler v. Sheboygan L., P. & R. Co.* 130 Wis. 137, 109 N. W. 973; 29 Cyc. 565; *Keeley v. G. N. R. Co.* 139 Wis. 448, 451, 121 N. W. 157; *Milwaukee & St. P. R. Co. v. Kellogg,* 94 U. S. 469, 24 L. Ed. 256; *Sparks v. Wis. Cent. R. Co.* 139 Wis. 108, 120 N. W. 858; *Cleveland, C., C. & St. L. R. Co. v. Patterson,* 37 Ind. App. 617, 623, 75 N. E. 857; *Powers v. Harlow,* 53 Mich. 507, 19 N. W. 257, 51 Am. Rep. 154; *Dunlap v. Wagner,* 85 Ind. 529; *Weick v. Lander,* 75 Ill. 93; *Lane v. Atlantic Works,* 111 Mass. 136.

The following opinion was filed February 20, 1912:.

MARSHALL, J.  The appeal presents for solution this question: In case of an article being regarded by the lawmaking power so inherently dangerous to human safety that the pub-

lic welfare requires the sale thereof in this state to be prohibited, and the same is by written law so dealt with; violations of the statute being made criminal and subject to severe punishment, and of a wholesaler in this state nevertheless selling such articles to another to be sold, or knowing that he will probably offer them for sale, at retail herein, and of such articles being so offered, in consequence of which one is purchased by a person who in using it is injured and loses his life through the danger the law was designed to prevent,— does a cause of action thereby accrue to the personal representative of the deceased for the benefit of those entitled under the law to compensation for damages caused to them by such premature death?

The question, it will be noted, is carefully fenced about so as to be accurately tested by established principles. It does not present anything new. It does not call for even a novel extension of an old principle to a new situation. The proposition is clear-cut and plain, and so is the principle of law governing it. To appreciate that, due significance must be given to these features: (a) The legislative policy, in the interest of public welfare, preventing the sale of such articles; (b) Actual or presumed knowledge of the prohibition; (c) Violation of law by the wholesaler, knowing the probable necessary effect may be to cause subsequent violations by the retailers, creating the danger the law was designed to prevent; in the whole, violation of law knowing, or having reasonable ground for knowing such violation to be the commencement of a chain of circumstances liable to eventuate in the prohibited and dangerous article reaching individual users, contrary to law, to their injury.

With the special features of the proposition significantly in view, it will be seen that it is emphatically ruled in the affirmative by the logic of *Hasbrouck v. Armour & Co.* 139 Wis. 357, 121 N. W. 157, and, directly, by many adjudications of courts of high repute elsewhere, which are amply represented by citations in the briefs of counsel. *Waters-Pierce*

*Oil Co. v. Deselms,* 212 U. S. 159, 29 Sup. Ct. 270; *Stowell v. Standard Oil Co.* 139 Mich. 18, 102 N. W. 227; *Skinn v. Reutter,* 135 Mich. 57, 97 N. W. 152; *Clement v. Crosby & Co.* 148 Mich. 293, 111 N. W. 745.

Many authorities are referred to on both sides which do not fit the case at all points. The case is not one on contract, nor even for ordinary negligence, where the doctrine of supervening fault applies, nor one where the article was not dangerous in itself, or one where the article was dangerous to the knowledge of the wholesaler, but not to that of the retailer, or the danger was known to both, but not to the person injured. This is a case where the placing of the article on the market was condemned by law, and absolutely prohibited for the very purpose of preventing opportunity for its purchase and use, regardless of the knowledge by the user, of the danger. It was a criminal act. It was, to all intents and purposes, an act done regardless of human safety and human life. The original sale was the initiating cause to which all others tied naturally in proximate relation. The nature of the wrongful act was such that contributing negligence on the part of the last purchaser is immaterial to either criminal or civil liability of the sellers. The rule applies, that one who does an unlawful act, knowing or with reasonable ground to believe that it may probably result, in the natural course of events, in causing injury to some human being, and regardless of whether it does or not, is liable in legal damages for the consequences, though directly brought about by the interveners set in motion by the first wrongful act, and regardless of such interveners having acted with such knowledge as to be likewise liable.

It follows that the complaint states a good cause of action, the demurrer was properly overruled, and the order appealed from must be affirmed.

*By the Court.*—So ordered.

A motion for a rehearing was denied April 23, 1912.