LUDKE Respondent, vs. BURCK, Appellant.

*March 23—April 13, 1915.*

*Automobiles: Unlawful speed: Injury to person: Gross negligence: Contributory negligence, when a defense: Special verdict: Withdrawal of questions: Misleading jury: New trial.*

1. Operation of a motor vehicle at a speed in excess of the legal limit is a misdemeanor under sec. 1636—49, Stats., and where injury results to another person is negligence *per se,* but is not necessarily to be treated as gross negligence or a wilful causing of the injury; and in an action for such injury, unless defendant's conduct is found as a fact to have amounted to gross negligence, the defense of contributory negligence is available. *Pizzo v. Wiemann,* 149 Wis. 235, and *Pinoza v. Northern C. Co.* 152 Wis. 473, distinguished.

2. The evidence as to the speed of an automobile which struck and injured a boy was conflicting, and questions were submitted in the special verdict as to whether defendant was operating the car at a speed exceeding the legal limit, but, the jury not being able to agree on those questions, they were withdrawn. The jury then found that the boy was guilty of contributory negligence. It appearing that the jury were probably misled by the withdrawal of said questions to believe that the evidence as to unlawful speed had no bearing upon the question of contributory negligence, the trial court properly granted a new trial on that ground.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. , *Affirmed.*

This is an action by *Charles Ludke* to recover for loss of services of his minor son, Herbert Ludke, who was injured by an automobile owned and driven by the defendant. The boy was thirteen years of age. The accident occurred June 8, 1913, upon Forest Home avenue, near the intersection of Fourteenth avenue, in the city of Milwaukee. It appears that a person riding in a passing automobile had lost his hat and that the boy endeavored to recover it, and while doing so was struck and seriously injured by the automobile owned and driven by the defendant. The complaint alleges that defendant was negligent in that he was operating his car at a high and dangerous rate of speed; that he operated it recklessly; and that he endangered property and life and limb of people who might be upon the street, by such negligent operation of the car.

The court submitted a special verdict to the jury. After deliberating over twenty-four hours on their verdict the jury announced that they had agreed upon only two questions, and that questions 2 and 3 were among those upon which they had been unable to agree. The court thereupon, of its own motion, withdrew questions 2 and 3, and the jury were instructed to resume their deliberations upon the other questions of the verdict. The questions withdrawn were:

"2. At the time of that collision, was the defendant operating his automobile at a speed exceeding fifteen miles per hour?"

"3. If you answer question number 2 'Yes,' then answer this question: Was the operation of the automobile at that time at a speed exceeding fifteen miles per hour a proximate cause of the injury to Herbert Ludke?"

After the withdrawal of these two questions the jury returned a verdict finding that defendant failed to exercise ordinary care in observing plaintiff's son and thereby proximately caused the collision, and that the boy's negligence

contributed to produce the collision. They awarded compensatory damages in the sum of $369.70.

The defendant moved for judgment upon the verdict, which motion was denied. The plaintiff's motion to set aside the verdict and for a new trial was granted and a new trial ordered. The court announced that the new trial was granted for the reason that the withdrawal of questions 2 and 3 from the special verdict and the consideration of the jury operated to the prejudice of plaintiff's legal rights. From such order this appeal is taken.

For the appellant there was a brief signed by *Doerfler, Green & Bender,* attorneys, and *Walter H. Bender,* of counsel, and oral argument by *W. H. Bender.*

For the respondent there was a brief by *Glicksman, Gold & Corrigan* and *A. J. Pellette,* and oral argument by *W. D. Corrigan.*

SIEBECKER, J.    The ruling of the trial court presents the question whether or not the contributory negligence of a traveler upon a city street is available as a defense in an action for personal injury alleged to have been caused to such traveler by a person who negligently drives an automobile in excess of the legal speed limit. The trial court held that if a violation of sec. 1636—49, Stats., prescribing a speed limit of fifteen miles per hour for running automobiles on city streets, resulted in personal injuries to a traveler on such streets, then the defense of contributory negligence of such injured traveler is not available in an action for recovery of damages for such injury. The court based the ruling upon the authority of the decisions in *Pizzo v. Wiemann,* 149 Wis. 235, 134 N. W. 899, and *Pinoza v. Northern C. Co.* 152 Wis. 473, 140 N. W. 84, wherein it was held that "Where the violation of a statute designed to protect persons against bodily injuries is made a criminal offense, such a violation should be classed with gross negligence, and for injuries resulting

therefrom the guilty person should be held liable in a civil action, regardless of contributory negligence on the part of the person injured." (Headnote.) These cases dealt with statutes prohibiting the sale of firearms and the employment of minors under sixteen years of age in certain specified employments. The doctrine of these and similar cases is that the violation of these statutes is of such gravity that public policy requires, in the interest of protecting life and limb, that persons violating them be held to strict accountability for the consequences flowing therefrom, regardless of the fault of the injured person, and therefore the persons violating them and thereby producing personal injuries to another were to be treated as guilty of wilfully injuring another as matter of law. Does this principle apply in cases where a statute prohibits something innocent in itself, but made unlawful, and violation thereof penalized to compel a higher standard of care as regards person and property? Of this latter class are regulations penalizing persons for violation of laws governing the duties to build fire-escapes to buildings; of railroads to give warning of approaching trains at public crossings in densely populated districts; forbidding the running of trains in excess of a limited speed over streets in incorporated villages and cities; the using of city streets as speedways for horses and vehicles; and similar laws. The law in question here is of the latter class. It regulates the use of the streets for operating motor vehicles in incorporated villages and cities and forbids operating or driving such vehicles in the streets of such villages and cities at a speed exceeding fifteen miles per hour and prescribes punishments for violations thereof. The law regulates the conduct of persons who are exercising the common right of using public highways as travelers, for the purpose of compelling greater care for the protection and safety of all travelers. The operation of motor vehicles on streets is as lawful a use thereof as that of any other traveler; and the object of the statute is to re-

strict this use to such ways as will lessen the dangers to travelers from high speed and other hazardous practices. Such regulations are not intended to abrogate the duties of travelers recognized by the common law for their mutual safety and leaves them subject to its accepted rules of ordinary care and the duties that spring from their relations as travelers on a public highway. In the light of this relation and the duties arising therefrom, it may well be that a person operating a motor vehicle at a speed much less than that denounced by the statute, on a street crowded with men, women, and children, and thereby inflicting some personal injuries on another, would be guilty of wilfully injuring such person, while another operating such a vehicle slightly in excess of the statutory speed might do so under conditions and circumstances as to show that the care exercised, in the light of such conditions and circumstances, did not constitute a wanton and reckless disregard of the rights of another who suffered an injury by colliding with such motor vehicle. This court has held that a violation of the commands of a statute of this class causing personal injury to another is not to be treated as a wilful injury as matter of law, but that the fact of such violation is negligence *per se,* and that the defense of contributory negligence is not abrogated. The case of *Brown v. C. & N. W. R. Co.* 109 Wis. 384, 85 N. W. 271, wherein the alleged injury was claimed to be caused by the railroad company running its trains in excess of the speed fixed by law, is one of this class of cases. It is therein stated that "The act was negligence *per se,* . . . but not necessarily actionable negligence. To constitute an actionable wrong, the conduct must be the proximate cause of an injury, without any want of ordinary care on the part of the injured person contributing thereto." True, the punishment imposed by the statute here involved is more severe than by those regulating railroad operation and others of a similar nature, but this severity of punishment for a violation of such statutes

cannot be regarded as controlling to take this class of cases out of the rules which impose the duties of ordinary care established by the common law of negligence. From this it results that in all cases where it is shown that a person operating a motor vehicle in excess of the speed fixed by law causes another traveler personal injuries, the question presented is whether, under all the facts and circumstances shown, his conduct amounts to gross negligence and thus precludes him from asserting the defense of contributory negligence; and if such operator is found guilty only of a want of ordinary care which proximately caused the collision and consequent injury, then he is entitled to assert the defense of contributory negligence.

An examination of the record of the case shows that there is a conflict in the evidence upon the question of the speed at which defendant was operating the car, which should be resolved by the jury. We are of the opinion that the court properly awarded a new trial, though the jury found that Herbert Ludke was guilty of contributory negligence. It is apparent that the jury were probably misled by the court's action in withdrawing from their consideration the question of defendant's violation of the statutory speed limit. This action of the court would naturally lead the jury to believe that this element of the case had no bearing on the issue presented for their consideration and thus deprive plaintiff of the benefit of such evidence in determining whether or not the boy was guilty of a want of ordinary care proximately contributing to produce the injuries.

*By the Court.*—The order appealed from is affirmed.