RIGGLES, Appellant, vs. PRIEST, Respondent.

*April 12—May 2, 1916.*

*Automobiles: Rules of the road: Collision with bicycle: Negligence: Questions for jury: Unlawful speed: Instructions to jury: Harmless error: Contributory negligence: Gross negligence.*

1. The "general and usual rules of the road" which, by sec. 1636—49, Stats. 1911, the driver of an automobile was required to observe, did not absolutely preclude him from seasonably invading his left-hand side of the traveled way in passing a vehicle in front of him.

2. Whether in this case the defendant—whose automobile, while passing another car from behind, collided with a bicycle which plaintiff was riding in the opposite direction near the center of the street—was guilty of negligence in driving upon his left-hand side of the street is *held*, under all the circumstances, to have been a question for the jury.

3. For defendant to drive his automobile at a speed of more than ten miles per hour while within 150 feet of and about to pass the plaintiff was in direct violation of sec. 1636—49a, Stats. 1913, and was negligence as a matter of law.

4. Refusal of the trial court to instruct the jury that such violation by defendant of sec. 1636—49a, Stats. 1913, was negligence was not in this case an error prejudicial to plaintiff, it being apparent that, even if the error had not occurred, the jury would have

found, as they did, that the plaintiff was guilty of contributory negligence. *Ludke v. Burck*, 160 Wis. 440, distinguished and limited.

5. The violation of a speed-limit statute, such as sec. 1636—49*a*, Stats. 1913, is not necessarily such gross negligence as renders immaterial the contributory negligence of a person injured by reason of such violation.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

Action to recover for a personal injury.

The issues raised by the pleadings were as to whether defendant was actionably negligent; whether plaintiff failed to exercise ordinary care and thus contributed to produce the injury; the extent of the injury and proper measure of compensation in case of defendant being liable.

There was evidence showing or tending to show, this: The accident occurred May 12, 1913, at about 7:40 o'clock p. m. There was yet sufficient daylight to enable travelers on the street to plainly see each other when they were over 600 feet apart. Plaintiff, a boy about nineteen years of age, in company with three other boys of about the same age, while riding a bicycle on a public street in the city of Appleton, Wisconsin, collided with an automobile, being driven by defendant, and was severely injured. He was traveling on his right-hand side of the street but near the center, approaching an automobile with headlights lit, going in the opposite direction, a little to the driver's right of such center. The street was twenty-seven feet wide between the curbs. For some little time before the accident, a person circumstanced as plaintiff was could readily have seen defendant driving his automobile and approaching the other from the rear. He was driving without the headlights being lit. As he overtook the machine in front of him, he swerved to the left and wholly to his left-hand side of the center of the street in order to pass such machine and then the accident occurred. After defendant so swerved, there remained about seven feet between his

machine and the curb line.   For some distance before plaint-
iff reached the point of collision, he was so blinded by the
headlights on the front automobile that he could not see it or
defendant's machine.   His associates, or some of them, who
were nearer their right-hand curb, could see such machine.
Defendant did not give any signal of his approach as he
swerved to pass the automobile in front of him.   He was
traveling at a speed of about fifteen, and plaintiff about ten,
miles per hour.   Just before reaching the vicinity of the auto-
mobile the boys had been racing.

The court instructed, on the subject of defendant's conduct,
among other things, to the effect that, though he approached
the point of collision on his left-hand side of the center of the
traveled way when he knew, or in the exercise of ordinary
care ought to have known, of the approach of plaintiff on his
bicycle and that they would meet at about the place of the col-
lision, and, with reasonable opportunity to do so, he did not
seasonably drive his automobile to his right of the middle of
the traveled part of the road,—it was for the jury to say,
under all the circumstances, whether such failure was negli-
gence on his part; and refused to give a requested instruction
to the effect that such failure, under the circumstances sug-
gested, would be negligence as a matter of law and that the
jury should find such negligence in answering the question on
the subject.

The court was further requested to instruct the jury to the
effect that, if defendant, while within 150 feet of, and about
to pass, plaintiff was going at a greater speed than ten miles
per hour, he was guilty of negligence and the jury should so
find.   Such request was refused.

The jury found, among other things, as follows: When the
accident occurred, plaintiff was ten feet from the curb on his
right.   Then the space between the two automobiles was six
feet.   There was sufficient daylight to enable approaching
travelers to plainly distinguish each other for a distance of

650 feet. As the parties so approached, plaintiff was travel-
ing ten, and defendant fifteen, miles per hour. For the last
seventy-five feet plaintiff was blinded by the automobile head-
light. By looking ahead before reaching the point where he
was so blinded, he could have seen defendant approaching in
the rear of the front automobile in time to have, by the exer-
cise of ordinary care, avoided the collision. Defendant did
not fail to exercise ordinary care by reason of his place in the
street, nor by his automobile headlights not being lit; but did
so fail by not signaling his approach and not seeing the travel-
ers approaching in front of him. Want of ordinary care on
plaintiff's part contributed to his injury. Plaintiff was dam-
aged to the extent of $5,000.

On such findings judgment was rendered in favor of the
defendant.

For the appellant there was a brief by *F. V. Heinemann*
and *Albert H. Krugmeier,* attorneys, and *Greene, Fairchild,
North, Parker & McGillan,* of counsel, and oral argument by
*Mr. J. H. McGillan* and *Mr. Heinemann.*

For the respondent the cause was submitted on a brief
signed by *Lehr & Kiefer,* attorneys, and *J. Elmer Lehr,* of
counsel.

MARSHALL, J. The jury having convicted respondent of
having been guilty of negligence on the occasion in question,
which was the proximate cause of the accident, no prejudicial
error was committed unless erroneous instructions were
given, or correct ones refused as to whether respondent was
guilty of such negligence by reason of having violated sec.
1636—49, Stats. 1911, which required a traveler on the high-
way with an automobile or other vehicle to observe "the gen-
eral and usual rules of the road," or because of having vio-
lated sec. 1636—49a, Stats. 1913, which required a person in
driving an automobile upon the highway not to do so at a
greater speed than ten miles per hour while within 150 feet

and passing any other. automobile or other vehicle going in an opposite direction,—and such error, or errors, may probably have affected the judgment of the jury in respect to the subject of contributory negligence, or such a violation constitutes gross negligence, rendering contributory negligence immaterial.

No error was committed in giving the instruction as to respondent's duty to observe the general and usual rules of the road. Such rules did not absolutely preclude him from reasonably invading his left-hand side of the traveled way in passing the vehicle in front of him. He was required to pass on the left. There was ample opportunity for doing so and yet leave an abundance of room for appellant to pass safely in case of his paying reasonable attention to his movements.

For the respondent to travel at a speed of more than ten miles per hour while within the 150 feet before the collision was in direct violation of the statute and plain error was committed in refusing the instruction to that effect. Such conduct was negligence as a matter of law and the jury should have been instructed accordingly.

Notwithstanding commission of the error indicated, it is considered that appellant was not prejudiced thereby. The jury would doubtless have convicted him of having been guilty of contributory negligence had the error not occurred. They found he had ample opportunity for seeing respondent approaching, long before the headlight on the other automobile interfered therewith and there was plenty of room for him to pass respondent, had he turned toward his right-hand curb. There was a space of ten feet between the point of collision and such curb and seven or eight feet of clear space. The jury found further, in effect, that though appellant ought to have known that respondent was approaching the automobile in front of him and was liable to pass it and turn to the left according to the rules of the road, he went, for the seventy-five feet before the collision, so near the center of the

street as to cause the blinding effect mentioned, when he might have avoided it by turning to his right away from the region of the direct rays of the headlight.

On the whole, the jury had good ground for believing, and probably did believe, that appellant was traveling in a very heedless way when the collision occurred, and that had he paid reasonable attention to his movements, it could easily have been avoided. They practically so found in the finding that "a traveler situated as plaintiff was, by looking ahead a sufficient distance from the place of collision could have observed the defendant's car as it overtook the other car in time to have, by the exercise of ordinary care, avoided the collision." That finding must be viewed, reasonably, in connection with the other findings. So viewed there is no ambiguity about it. It means that, as appellant approached the place of collision, he had a sufficient opportunity, by the exercise of ordinary care, to have observed the approaching automobile and avoided the collision.

It is suggested that the error in failing to instruct the jury properly as to the circumstance of respondent approaching the point of collision at an illegal rate of speed should be held prejudicial to appellant on the subject of contributory negligence, under what was held in *Ludke v. Burck,* 160 Wis. 440, 445, 152 N. W. 190. There the trial court improperly withdrew from the jury the question of defendant's violation of the statute as to speed limit and, on that account, granted a new trial, notwithstanding the plaintiff was found guilty of contributory negligence. In sustaining that this court said that it was apparent the jury were probably misled by the withdrawal of the questions and deprived of the benefit of the evidence of violation of the statute in considering the subject of contributory negligence. That was said in respect to the facts of the particular case,—not as a rule that, in any case where the matter is material a failure to properly instruct the jury that violation of a safety statute is negligence as a matter of law, will so affect the subject of contributory negli-

gence as to require a new trial in case of the finding by the jury in respect thereto being unfavorable to the defendant. In our judgment, in view of the facts here, it is not clear that had the error not occurred, the result might probably have been favorable to appellant as to his contributory negligence. This case is widely distinguishable from the *Ludke Case* and it is considered that the logic of such case does not govern. There the questions as to speed limit were submitted and, after the jury had deliberated over twenty-four hours without making much progress the court withdrew them. It was because thereof and the general course of the trial that this court reached the conclusion to which we have alluded.

The question of whether respondent's violation of the statute was, as matter of course, gross negligence, rendering contributory negligence of plaintiff immaterial to his right to recover, under the doctrine of *Pizzo v. Wiemann,* 149 Wis. 235, 134 N. W. 899, is ruled in the negative by *Ludke v. Burck,* 160 Wis. 440, 152 N. W. 190, for the reasons therein stated. The court there declined to extend the rule of the *Pizzo Case* to violations of speed-limit statutes such as the one involved here.

*By the Court.*—The judgment is affirmed.