ZIMMERMANN, Respondent, vs. MEDNIKOFF and another, Appellants.

*March 14—April 4, 1917.*

*Automobiles: Negligence of driver: Duty to stop when street car is taking on or discharging passengers: Injury to person about to enter car: Contributory negligence: Evidence: Sufficiency: Excessive damages.*

1. A person crossing from the curb to enter the rear door of a street car, which was open for the reception or discharge of passengers, had assumed the position of a passenger within the meaning of a city ordinance and sec. 1636—49, Stats., requiring the driver of an automobile to stop when a street car is taking on or discharging passengers.

2. The fact that the driver of an automobile violated the duty to stop imposed upon him by ordinance and statute did not absolve such passenger from his duty to exercise ordinary care for his own safety.

3. A person who was struck by an automobile while crossing from the curb and about to enter the rear door of a street car, which was open to receive him as a passenger, had the right to presume that the driver of such automobile would comply with said statute and ordinance, and hence was not guilty of contributory negligence as a matter of law in attempting to enter the car as he did, even though he had not looked in the direction from which the automobile came.

4. It being undisputed that while the street car was at a full stop, with its rear door open as an invitation to passengers, and while plaintiff was in the act of approaching to enter, an automobile, owned by one defendant and driven by the other as agent of the owner, started from a point of rest and attempted, in violation of the statute and ordinance, to pass the car, and in so doing struck the plaintiff, the trial court properly found that plaintiff's injury was caused by defendants' negligence.

5. An award of $500 for personal injuries is *held* not excessive, where it appeared on the trial, about six months after the accident, that the injuries to plaintiff's right shoulder had not yet healed, that there was an inflammatory condition in the joint, that the chances were the injury to the shoulder would be permanent and entail suffering for a long time, that it was reasonably certain that a painful injury to his wrist would be permanent, and that he was out of work for a period as a consequence of the injury.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The appeal is from a judgment of the circuit court affirming a judgment of the civil court in favor of plaintiff.

The defendant *Alex Mednikoff* was driving an automobile belonging to his codefendant north on Third street near Cherry street in the city of Milwaukee. The plaintiff, when some distance from Third street, saw a street car standing on Third street going north, and hastened towards it in order to take passage. Another person boarded the car at this point before plaintiff reached the curb. The car was one which had a rear door to be opened for the discharge or reception of passengers and by the closing of which, by an arrangement of electric lights at the other end, the motorman was notified to start ahead, and thus while the door remained opened it indicated that the car was not ready to proceed. While plaintiff was crossing from the curb to the open door in the rear end of the car defendant's automobile started forward from the place where it had stopped just in the rear of the street car, and struck plaintiff just as he was about to enter the street-car door.

It was conceded by plaintiff that as he was crossing toward the street car he did not look in the direction from which the automobile came.

The case was tried in the civil court without a jury, and that court awarded the plaintiff a judgment for $500 damages, which was affirmed upon appeal to the circuit court.

For the appellants there was a brief by *Lehr & Kiefer* of Milwaukee, attorneys, and *J. Elmer Lehr,* of counsel, and oral argument by *J. Elmer Lehr.*

For the respondent there was a brief by *Lorenz & Lorenz,* and oral argument by *Denis J. Regan,* all of Milwaukee.

ESCHWEILER, J. It is contended by appellants that the findings of the civil court are contrary to the clear preponderance of the evidence both on the question of contributory negligence and negligence on the part of the defendant, and that the evidence establishes contributory negligence on plaintiff's part as a matter of law. The civil court found, among other things, that at the time in question, while the rear door of the street car was open for the purpose of receiving the plaintiff as a passenger, the defendant carelessly, negligently, and unlawfully attempted to drive said automobile past the rear door of said street car in violation of the ordinance and statute below quoted, and that in so doing the defendant negligently drove the automobile upon the plaintiff, throwing him to the ground and causing the injuries, some of which were found to be permanent; that the plaintiff acted with due care and was in no wise negligent in the premises.

The plaintiff offered in evidence and relied upon a city ordinance of Milwaukee which provides, so far as material to this case, as follows:

"Section 1247. And every person operating an automobile . . . shall stop whenever it passes a street car which is either taking on or letting off passengers."

He also relied upon sec. 1636—49, Stats., the material parts of which are as follows:

"The operator or driver of any vehicle, when any street car is actually taking on or discharging passengers at the crossings or intersections . . . shall stop . . . until such passengers shall have been taken on or discharged."

Under the testimony in the case the plaintiff had undoubt-edly assumed the position of a passenger towards the street car then standing with its open door as an invitation for him to enter. *Karr v. Milwaukee L., H. & T. Co.* 132 Wis. 662, 113 N. W. 62; *Lugner v. Milwaukee E. R. & L. Co.* 146 Wis. 175, 180, 131 N. W. 342.

As to such passenger the defendant owed the duty of stop-ping, as required by the ordinance and the statute above quoted. This, however, did not absolve the plaintiff from the duty also resting upon him to exercise, under the circum-stances, ordinary care for his own safety, and the violation by a driver of such ordinance or statute, or even more strin-gent ones, would not absolve the plaintiff from that duty. *Ludke v. Burck,* 160 Wis. 440, 152 N. W. 190; *Riggles v. Priest,* 163 Wis. 199, 157 N. W. 755.

In considering this question of contributory negligence of the plaintiff, however, it must be determined under all the circumstances surrounding the situation, and one of those circumstances is that a person so situated has the right to presume that the defendant would comply with the law em-bodied in the statute and the ordinance requiring such a stop; in other words, that he is not required to anticipate that defendant is about to violate or is violating such provisions. 29 Cyc. 516; *McGourty v. DeMarco,* 200 Mass. 57, 85 N. E. 891; *Baker v. Close,* 204 N. Y. 92, 97 N. E. 501; *Mosso v. E. H. Stanton Co.* 75 Wash. 220, 134 Pac. 941; *Medlin v. Spazier,* 23 Cal. App. 242, 137 Pac. 1078; *Johnson v. Young,* 127 Minn. 462, 149 N. W. 940; *Vesper v. Lavender* (Tex. Civ. App.) 149 S. W. 377.

The trial court was justified, therefore, under the evidence, in finding that the plaintiff was not negligent at the time of the injury.

There is a conflict in the testimony as to the operation of the automobile just preceding and at the time of the accident, but there is no dispute but that the street car was at a full

stop, the car door open as an invitation to passengers, and that the plaintiff was in the act of approaching to enter the car just as the defendant's automobile, starting from a point of rest, attempted to cross the path which plaintiff was taking and which defendant was forbidden by the statute and the ordinance to enter. There was therefore evidence from which the court might properly find that the injury resulted from defendant's negligence.

Complaint is made that the damages are excessive. It appeared on the trial in May, 1916, the accident occurring November 23, 1915, that the injuries plaintiff had received to his right shoulder had not yet healed, that there was an inflammatory condition in the joint, that it was problematical at that time whether the usefulness of the joint would be restored, that the chances were that the injury to the shoulder would be permanent and that he would be apt to suffer for a long time from the injury, that the wrist was injured, with a reasonable certainty that it would be permanently so, and that it was painful and affected by labor. There is also testimony indicating that for a period he was out of work as a consequence of the injury. We cannot say from the record that error was committed in allowing the damages to stand as assessed by the civil court.

*By the Court.*—Judgment affirmed.