YAHNKE, Respondent, vs. LANGE and others, Appellants.

*January 10—February 4, 1919.*

*Automobiles: Collision with wagon at night: Negligence: Contributory negligence: Insufficient lights on both vehicles: City ordinance: Construction: Pleading: Evidence: Milwaukee civil court: Appeal: Review in circuit court.*

1. One who, in·violation of sec. 1636—52, Stats., drove an automobile at night, with only dim sidelights thereon, on the streets of a city, too fast to enable him to stop the car within the distance ahead that he could see an object the size of a person, was guilty of negligence with respect to a collision with the rear end of plaintiff's milk wagon, even though, after discovering the presence of the wagon a few feet in front of him, he could not by the exercise of ordinary care have avoided striking it.

2. Where at the time of such collision plaintiff's wagon did not have attached to it a lighted "lamp or lamps . . . so displayed as to be visible from the rear and front of such vehicle," as required by an ordinance of the city, plaintiff also was guilty

of negligence which, if it contributed to the injury, precludes a recovery by him therefor.

3. A lantern hung on the left side of the box-like superstructure of the milk wagon did not constitute a compliance with the ordinance, because not visible to one coming from the rear if he was somewhat to the right of the wagon; nor did another lantern on the floor of the wagon in front of the driver's seat and otherwise obscured, constitute a compliance.

4. An allegation in the answer that at the time in question plaintiff, "in violation of the ordinances of the city, . . . neglected to have attached to said milk wagon a lamp or lamps duly lighted and so displayed as to be visible from the rear of such vehicle," and that the "collision was due wholly to the absence of such lights and the violation of the plaintiff of such ordinance," is *held*, though not directly alleging the existence of the ordinance, to have been sufficient to apprise plaintiff of the defense relied upon and to authorize the introduction of the ordinance in evidence.

5. A finding by the Milwaukee civil court that the absence of proper lights on the milk wagon proximately contributed to the accident is *held* not to be against a clear preponderance of the evidence.

6. A judgment of the Milwaukee civil court should not be reversed by the circuit court in the absence of error such as would justify a reversal of a judgment of the circuit court by the supreme court.

APPEAL from an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Reversed.*

This is an action brought in the civil court of Milwaukee county to recover damages resulting from a collision of an automobile, owned by defendants and appellants and driven by appellant *W. W. Lange,* with a milk wagon belonging to the plaintiff. It was tried by the court without a jury.

The evidence shows that between 1 and 2 o'clock in the morning of August 4, 1916, plaintiff's milk wagon was proceeding in a southwesterly direction on Kinnickinnic avenue in the city of Milwaukee. Somewhere between Homer and Otjen streets on said Kinnickinnic avenue, an automobile, owned by defendants and appellants and then driven by defendant and appellant *W. W. Lange,* ran into the milk wagon from behind, throwing the milk wagon against the

curb, causing the horse to run away, resulting in considerable damage to the wagon and its contents. There is evidence that the night was foggy, but to what extent does not appear. Ordinarily there were street lights at the intersection of Kinnickinnic avenue and Homer street and also at the intersection of Kinnickinnic avenue and Otjen street. At the time of the collision the street lamp at the Homer-street intersection was out, but the one at the Otjen-street intersection was burning. At the time of the accident the milk wagon and automobile were proceeding from Homer street to Otjen street. The automobile was equipped with four lights in front, two sidelights and two strong front lights. At the time of the accident the front lights were out and only the sidelights were turned on. Other material facts will appear in the opinion.

Findings of fact and conclusions of law were filed, wherein the defendants were acquitted of negligence and the plaintiff was held guilty of contributory negligence. Judgment was rendered for the defendants and appellants. Upon an appeal to the circuit court for Milwaukee county the judgment of the civil court was reversed and a new trial ordered. The case is here on appeal from that order.

*Edgar L. Wood* of Milwaukee, for the appellants.

For the respondent there was a brief by *Gugel & Kline* of Milwaukee, and oral argument by *F. H. Gugel.*

Owen, J.    The civil court acquitted the defendants, and convicted the plaintiff, of negligence, although the undisputed evidence showed that both were violating the law. Concededly the defendant *W. W. Lange* was driving the automobile owned by defendants on the streets of Milwaukee, at night, with only dim sidelights functioning, too fast to enable him to bring the automobile to a stop within the distance ahead that he could, with the aid of such lights and the lights from other sources, see an object the size of a person, as the law requires. Sec. 1636—52, Stats. He was

held free from negligence. The plaintiff, who permitted his milk wagon on the street in but partial compliance with an ordinance of the city of Milwaukee, was held negligent. It was held that the absence of headlights on the automobile efficient to light up the street ahead had nothing to do with producing the accident, while the absence of a light visible from the rear of the milk wagon proximately contributed thereto. Such contradictory findings can stand only by judicial sanction of a legal paradox. The reasoning leading to these diametrically opposite conclusions—"making fish of one and fowl of the other"—is quite incomprehensible.

We readily agree with the circuit court that the defendant *W. W. Lange* was guilty of negligence. *Lawson v. Fond du Lac,* 141 Wis. 57, 61, 123 N. W. 629. As said by the circuit judge:

"It may be that the driver, after he discovered the presence of the wagon when within a few feet of him, could not by the exercise of ordinary care avoid striking it, but the conclusion is irresistible that the driver was negligent in getting into such a position. The driver violated the statute mentioned, either in driving at such a rate of speed that he could not bring the automobile to a stop within the distance that he could see an object the size of a person, or his lights were insufficient to enable him to see objects ahead of him in time to avoid them."

But that does not dispose of the case. If plaintiff was guilty of negligence which proximately contributed to the accident he cannot recover. *Lloyd v. Pugh,* 158 Wis. 441, 149 N. W. 150; *Ludke v. Burck,* 160 Wis. 440, 152 N. W. 190. An ordinance of the city of Milwaukee, then in force, required vehicles such as plaintiff's milk wagon, while on any public street of the city of Milwaukee, to "have attached to it a lamp or lamps which shall be kept lighted during the period from thirty minutes after sunset to thirty minutes before sunrise, and shall be so displayed as to be visible from the rear and front of such vehicle during said period from thirty minutes after sunset to thirty minutes

before sunrise." Plaintiff's milk wagon was fashioned much after the ordinary milk wagon in common use, and consisted of a box-like top or superstructure superimposed on the running gear, with doors on the sides thereof. At the time of the accident a lantern was hung outside the door on the left side of this box-like covering and about midway between the front and rear thereof. There was another lantern on the floor of the milk wagon in front of the driver's seat. Immediately back of the lantern milk cases were piled three deep, each case being at least six or seven inches high. It is at once apparent that the side lantern, while visible to one coming from the rear on the left-hand side of the wagon, would not be visible to one coming on a line further to the right, the line of vision being cut off by the top of the milk wagon. A lantern so displayed cannot be considered a compliance with either the letter or the spirit of the ordinance. Whether or not the lantern on the inside threw any light through the rear opening, which to our minds is exceedingly doubtful, we do not hesitate to say that it fell far short of a compliance with the ordinance. It follows that the plaintiff's milk wagon was on the street in the city of Milwaukee contrary to the provisions of the ordinances of that city. This constituted negligence on the part of the plaintiff. *Smith v. Milwaukee B. & T. Exch.* 91 Wis. 360, 64 N. W. 1041; *Griswold v. Camp,* 149 Wis. 399, 135 N. W. 754; *Lloyd v. Pugh,* 158 Wis. 441, 445, 149 N. W. 150; *Ludke v. Burck,* 160 Wis. 440, 152 N. W. 190. That such negligence proximately contributed to the injury was found by the civil court. A judgment of the civil court of Milwaukee county should not be reversed by the circuit court in the absence of error such as would justify a reversal of a judgment of the circuit court by this court. *Pabst B. Co. v. Milwaukee L. Co.* 156 Wis. 615, 620, 146 N. W. 879; *Schmidt v. Franklin,* 164 Wis. 128, 159 N. W. 724; *Mechanical A. Co. v. A. Kieckhefer E. Co.* 164 Wis. 65, 159 N. W. 557. We think the finding that the absence of lights on the milk wagon contributed to the accident cannot be said

Yahnke v. Lange, 168 Wis. 512.

to be against the clear preponderance of the evidence, and that it must stand, from which it follows that plaintiff cannot recover.

Respondents, however, contend that the ordinance is not before the court because it was not properly pleaded. The allegation of the answer under which the ordinance was admitted in evidence was to the effect

"that on the said 4th day of August, 1916, at the time the plaintiff's said milk wagon was upon Kinnickinnic avenue, it was in the nighttime at about 1 o'clock in the morning of said day, and that the plaintiff, in violation of the ordinances of the city of Milwaukee, failed and neglected to have attached to said milk wagon a lamp or lamps duly lighted and so displayed as to be visible from the rear of such vehicle, and that if the plaintiff's said vehicle and the horse attached thereto sustained any damage or injury, at the time and place mentioned, by reason of the collision with an automobile operated by either of said defendants, such collision was due wholly to the absence of such lights and the violation of the plaintiff of such ordinance."

While the existence of the ordinance was not directly alleged, it was alleged that the presence of the vehicle on the street at the time was in violation of the ordinances of the city of Milwaukee. This was entirely sufficient to apprise the plaintiff that defendants relied upon the noncompliance on his part with the ordinances of the city of Milwaukee, requiring lamps to be lighted and displayed upon the milk wagon so as to be visible from the rear of such vehicle, as a defense to the action. Plaintiff could not claim that he was surprised by the offering of the ordinance in evidence. Under the liberal rules by which pleadings are now tested we must hold the allegation quoted to be sufficient to apprise the plaintiff of the defense relied upon and to authorize the introduction of the ordinance in evidence.

*By the Court.*—Order reversed, and cause remanded with directions to affirm the judgment of the civil court.

ESCHWEILER, J., dissents.