FOSTER, Respondent, vs. BAUER, Appellant.

*December 16, 1920—January 11, 1921.*

*Automobiles: Negligence: Law of the road: Violation: Cutting corner: Excessive speed: Contributory negligence: Civil court of Milwaukee county: Appeal: Weight to be accorded findings.*

1. An automobile driver who, in making a turn, cut a corner, in violation of sub. 1, sec. 1636—49b, Stats., was guilty of negligence *per se.*
2. The evidence in this case is *held* to show that the driver's negligence in cutting a corner so contributed to the collision between his car and plaintiff's motorcycle that he can recover nothing on his counterclaim against plaintiff.
3. The plaintiff, a deputy sheriff, was negligent where at the time of the accident he was running his motorcycle at a speed of

twenty or twenty-two miles an hour, sec. 1636—49, Stats., prescribing a maximum speed of fifteen miles an hour.

4. Findings of the civil court of Milwaukee county have the same status on appeal to the circuit court as findings of the circuit court on appeal to the supreme court. They are not entitled to the conclusiveness of the verdict of a jury, but are controlling unless against the clear preponderance of the evidence.

5. A finding of the trial court that plaintiff struck defendant's automobile as it rounded a corner, that he would have struck the automobile had he been going at a lawful speed, and that his rate of speed was not the proximate cause of the collision, is against the clear preponderance of the evidence, where plaintiff testified that he could have stopped his motorcycle within twenty feet had he been going fifteen miles per hour and that he was twenty to twenty-five feet from defendant when the latter started to turn.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

Action for damages for personal injuries. Defendant counterclaimed for damages to person and property. Trial in the civil court of Milwaukee county without a jury resulted in a judgment for the plaintiff. On appeal to the circuit court the judgment was affirmed. From the judgment of affirmance the defendant brings this appeal.

This action arose out of a collision between respondent on his motorcycle and appellant in his automobile at the intersection of Fond du Lac avenue and Hadley street in the city of Milwaukee, during daylight, on June 13, 1919. Fond du Lac avenue lies in a northwesterly and southeasterly direction, while Hadley street extends east and west. Appellant was proceeding southeasterly on the southwest side of Fond du Lac avenue, approaching the intersection, at a speed of six to eight miles per hour. Respondent, a motorcycle deputy sheriff, was proceeding on duty northwesterly on the northeast side of Fond du Lac avenue, approaching the intersection from the side opposite defendant, at a speed which he himself testified was between twenty and twenty-two miles per hour, and there was no testimony that his speed was less than that.

Appellant desired to turn easterly on Hadley street and as a signal held out his left hand,—so at least he testified, and it was corroborated by other witnesses, though respondent did not observe it. Instead of passing to the right of the center of the intersection of the streets, however, as he should have done, according to some of the testimony and the finding of the trial court he "cut the corner." Appellant did not notice respondent until the latter was about twenty feet from the point of the collision; he said that respondent's clothes looked so much like the pavement that he didn't see him. Respondent had observed appellant when they were about a block apart and kept a lookout ahead from then till the time of the collision according to his testimony. Neither party made any signal by sound.

When about twenty to fifty-five feet apart, according to different statements in respondent's testimony, he saw that appellant was turning into Hadley street, saw that he could not miss appellant, so turned to the right to hit the curb. Appellant must have put on power, respondent thought, and the motorcycle hit the front right wheel of the automobile. Respondent did not apply his brakes at all in an effort to avoid the collision or to reduce the force of the impact.

There was no showing that respondent was justified by anything in the line of his duty in exceeding the lawful speed limit of fifteen miles per hour or such reduced rate as would tend to avoid danger of accident in view of the street intersection.

The trial court found that appellant's negligence in turning was the proximate cause and respondent's speed not a proximate cause of the injuries, and gave judgment for respondent accordingly. The circuit court considered this a question of fact, found evidence to sustain it, and on that ground affirmed the judgment as a matter of course.

*J. Elmer Lehr* of Milwaukee, for the appellant.

For the respondent the cause was submitted on the brief of *Ray J. Cannon* of Milwaukee.

JONES, J.  Appellant contends that no negligence on his part has been shown.  With this we cannot agree.  The trial court found that appellant "cut the corner" in violation of law and was guilty of negligence in so doing.  The finding is sufficiently supported by the evidence.  The statute (sub. 1, sec. 1636—49b) forbidding such cutting of corners certainly is designed to prevent accidents between vehicles at street intersections, and it follows that appellant was guilty of negligence *per se*.  *Ludke v. Burck,* 160 Wis. 440, 152 N. W. 190.  The trial court further found that appellant's negligence was the proximate cause of the collision.  Whatever may have been the proximate cause of the accident we are satisfied that appellant's negligence so contributed to it that he can recover nothing on his counterclaim, and is liable in damages to respondent unless the latter was guilty of contributory negligence.

The trial court made no finding on the issue whether the respondent was guilty of negligence, but did find that his rate of speed was not the proximate cause of his injury.  That respondent was guilty of negligence cannot be doubted, since according to his own testimony he was violating sec. 1636—49, Stats.  This statute undoubtedly aims in part to prevent collisions between vehicles upon the streets, especially at street intersections, and its violation constituted negligence *per se*.  *Ludke v. Burck, supra; Brown v. C. & N. W. R. Co.* 109 Wis. 384, 85 N. W. 271.

It was clearly upon the finding of the civil court that respondent's rate of speed was not the proximate cause of his injuries that the circuit court affirmed the judgment, for that court construed the civil court's findings as embracing a finding of respondent's negligence.  The circuit court concluded that there was evidence to sustain this finding upon proximate cause and that it followed as a matter of course that the judgment must be affirmed.  In this conclusion the circuit judge took too restricted a view of his power to review the judgment of the civil court.  The findings of that

court have the same status upon appeal to the circuit court as findings of the circuit court on appeal to this court. They are not entitled to the same conclusiveness as a verdict of a jury, but will control unless against the clear preponderance of the evidence. *Pabst B. Co. v. Milwaukee L. Co.* 156 Wis. 615, 620, 146 N. W. 879; *Keck v. Michigan Q. S. Co.* 158 Wis. 500, 149 N. W. 208.

The theory upon which the trial judge made this finding appears to be set forth in the following statement in his opinion:

"And the court is further of the opinion that from the nature of the accident and where plaintiff struck the automobile of the defendant, that this particular accident was just as likely to happen had he been going at fifteen miles an hour as though he had gone at twenty-two miles an hour. The evidence shows that the plaintiff struck the defendant's automobile at the front and just as it had rounded the northeast corner of Hadley street and Fond du Lac avenue. Had he been going slower, say fifteen miles an hour, the probabilities are that he would have struck the automobile nearer the center, because it is apparent that he could not stop the motorcycle after he had knowledge of defendant's intention to cut the corner."

The finding must be sustained unless it is against the clear preponderance of the evidence, but we have read the record as well as the printed case and are convinced that the finding is against the clear preponderance. Respondent testified that if he had been going at a lawful rate of speed he could have stopped his motorcycle by its brakes within twenty feet. There are marked discrepancies in his testimony as to his distance from appellant when he saw his danger. When asked how far appellant was from him when appellant made the turn he stated twenty to twenty-five feet. If appellant made a sudden and unannounced turn in front of respondent at such close quarters the court's finding that the injuries would have occurred, whatever respondent's speed, might be supportable. But even then it seems to us that if respond-

ent had been traveling at a lawful rate of speed he would have had a much better chance of avoiding the collision. At least he could have so slackened his speed before the impact that his injuries might have been less severe. It may be added that if the respondent had been going more slowly the appellant would have had a better opportunity to see him in time to avoid the accident.

However, respondent testified in great detail in connection with his Exhibit 1, a diagram of the place of the accident. He testified that he saw appellant when a block distant, and kept looking ahead. He indicated the point where he saw appellant headed towards Hadley street, east of the center of Fond du Lac avenue, and well to the left of the center of the intersection instead of to the right, where he should have been. He understood, when he saw appellant at this point, that the latter was turning into Hadley street and said that he saw that a collision was inevitable. He indicated and described the point where he himself was when he saw this. By comparing distances upon the diagram it appears that this latter point is about fifty-five feet, instead of twenty to twenty-five feet, from the point where appellant was when the danger was seen, is about thirty feet from the point where he testified the collision occurred, and about thirty-five feet from the center of the intersection itself. As respondent testified that he could stop from a legal speed within twenty feet, it appears from his own testimony that had he been going at such a speed he would in all probability have had ample time to stop before the collision, at least time to so slacken his speed that the impact would have had less serious results.

It is true that in one part of respondent's testimony he claims that the collision was unavoidable on his part. But from another part of his evidence, which is relied on to prove the negligence of appellant and which is most relied upon on that issue, it appears that if respondent had not violated the law the accident probably would not have happened.

This portion of the testimony, in which respondent indicated the several positions of the parties upon the diagram, seems to us of controlling weight as compared with his estimate of the distance separating him from appellant when he saw appellant turn in front of him.

It follows that respondent was guilty of negligence which contributed to proximately cause his injuries, and that consequently he cannot recover damages from appellant.

The case of *Maher v. Lochen,* 166 Wis. 152, 164 N. W. 847, confidently relied upon by respondent, might be controlling if we could agree on the facts with the trial court. In the view we take of the facts, however, that case and the cases like it are clearly distinguishable.

*By the Court.*—Judgment reversed, and cause remanded to the circuit court with directions to enter judgment for defendant dismissing the complaint and the counterclaim.