RAMEY, Appellant, vs. OCONTO COMPANY, Respondent.

*December 7, 1927—January 10, 1928.*

*Railroads: Unauthorized use of hand car or velocipede upon tracks:
Gross negligence.*

1. The term "hand car," as used in sec. 343.43, Stats., penalizing
   the running of such a car upon a railroad track without per-
   mission, includes motor cars or velocipedes.  p. 543.
2. Decedent, who was killed in a collision with a train while rid-
   ing upon a railroad gasoline velocipede without permission
   having been given for its operation on the tracks of a rail-
   road, as required by sec. 343.43, Stats., which was enacted
   for the safety of the traveling public, was guilty of such gross
   negligence as to bar recovery for his death.  p. 543.

APPEAL from a judgment of the circuit court for Oconto
county: W. B. QUINLAN, Circuit Judge.  *Affirmed.*

Action to recover damages for the death of plaintiff's
husband caused by a collision between a railroad velocipede
driven by one Lancour and upon which was located plaint-
iff's intestate and a man by the name of Johnson.  The
three men were telegraph operators in the employ of the
Chicago & Northwestern Railway Company but were not
on duty the day of the accident.  Lancour owned a light
railway velocipede commonly called a pede, and on Sunday,
February 8, 1925, invited his friends to go out into the
woods with him some considerable distance, either for the
purpose of showing the woods to Ramey, who had not been
in that region very long, or for the purpose of a general
outing and exploring for fishing grounds to be used later
on.  The day was a very foggy one.  It was difficult to see
more than half a car length at times.  They had proceeded
a considerable distance when Lancour, who ran the pede,
slowed up some to a rate of eight or ten miles per hour
because he thought he had reached the locality of Bonita
or Good Spur.  He was adjusting the carburetor when he
looked up and beheld some distance ahead of him a freight

car.  He thought it was on the side track at Bonita and proceeded on.  His two companions were sitting looking out into the woods to the left.  In a moment a collision occurred and Ramey and Johnson were instantly killed and Lancour seriously injured, but afterwards recovered.  Considerable testimony was given as to whether or not Lancour and his friends were licensees or trespassers on the track.  There was no evidence showing that they had any direct permission to use the velocipede upon the track.  The extent of that testimony was to the effect that Lancour had used it considerably and that employees of the railroad company had seen him do so.  The train that collided with the plaintiff's intestate was owned and operated by the *Oconto Company,* lessee of this part of the track of the Chicago & Northwestern Railway Company.  The *Oconto Company* had leased a portion of the track for a logging road for its own purposes.  Plaintiff claims that Lancour and his friends were licensees upon the track and were in the exercise of ordinary care.  After taking testimony upon this point and after plaintiff rested, the trial judge granted defendant's motion for a nonsuit on the ground that plaintiff's intestate was guilty of contributory negligence.  From a judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief by *Arthur B. Doe* of Milwaukee and *Lehner & Lehner* of Oconto Falls, and oral argument by *Adolph P. Lehner.*

For the respondent there was a brief by *Eberlein & Larson* of Shawano, and oral argument by *A. S. Larson.*

VINJE, C. J.  While we think that the trial judge reached the right conclusion in rendering a judgment for the defendant because there was no evidence to show that plaintiff's intestate and his friends were more than trespassers upon the track, still we think the judgment can be affirmed upon another ground.

Sec. 343.43, Stats., provides that any person who, "with-

out permission, shall run or place on any railroad track any hand car shall be punished by imprisonment in the state prison not more than three years nor less than one year, or in the county jail not more than one year, or by fine not exceeding one thousand dollars." This statute was enacted prior to 1878 and before motor cars or railroad velocipedes were known as such, but the term "hand car" as used in this statute includes "motor car" or "railroad velocipede" as defined. Webster's International Dict., "Velocipede." The latter being run by gasoline are far more dangerous to the public generally than the old-fashioned hand car operated by man power only. In *Pinoza v. Northern C. Co.* 152 Wis. 473, 140 N. W. 84, it was held that the violation of a statute intended to insure personal safety was such gross negligence as to bar ordinary contributory negligence as a defense. To the same effect is *Pizzo v. Wiemann,* 149 Wis. 235, 134 N. W. 899. There is no question that the statute with reference to the use of hand cars or velocipedes on railroad tracks was enacted for the safety of the traveling public.

*By the Court.*—Judgment affirmed.