HILLSIDE GARAGE & TRANSIT COMPANY, Appellant, vs. PFLITTNER and others, Respondents.

*October 8—November 5, 1929.*

For the appellant there was a brief by *Hoyt, Bender, Trump, McIntyre & Hoyt* of Milwaukee, and oral argument by *Rodger M. Trump*.

*L. J. Fellenz* of Fond du Lac, for the respondents.

FRITZ, J.   Plaintiff contends that sec. 85.18 (4), Stats., was enacted for the purpose of protecting life and limb of persons; that consequently, because of defendants' violation of that statute, they are guilty, as a matter of law, of wilfully injuring another or of gross negligence; and that, therefore, contributory negligence of plaintiff's driver does not bar plaintiff's recovery of damages. That contention is based on the cases of *Pizzo v. Wiemann,* 149 Wis. 235, 134

N. W. 899, and *Pinoza v. Northern C. Co.* 152 Wis. 473, 140 N. W. 84.

These cases, as this court said in *Ludke v. Burck,* 160 Wis. 440, 443, 152 N. W. 190,—

"dealt with statutes prohibiting the sale of firearms and the employment of minors under sixteen years of age in certain specified employments. The doctrine of these and similar cases is that the violation of these statutes is of such gravity that public policy requires, in the interest of protecting life and limb, that persons violating them be held to strict accountability for the consequences flowing therefrom, regardless of the fault of the injured person, and therefore the persons violating them and thereby producing personal injuries to another were to be treated as guilty of wilfully injuring another as matter of law."

On the other hand, in *Ludke v. Burck, supra,* the question under consideration was whether or not contributory negligence was available as a defense in an action for personal injury alleged to have been caused by a defendant who negligently drove his automobile in excess of the statutory speed limit. This court then held that the principle which denied the defense of contributory negligence to the violator of such penal statutes as were involved in *Pizzo v. Wiemann, supra,* and *Pinoza v. Northern C. Co., supra,* did not apply where a statute prohibits something innocent in itself, but made unlawful, and the violation thereof penalized to compel a higher standard of care as regards persons and property. The court concluded that the statute then in question was of that latter class, and that regulations to restrict the operation of motor vehicles on streets to such ways as will lessen the dangers to travelers from high speed and other hazardous practice "are not intended to abrogate the duties of travelers recognized by the common law for their mutual safety and leaves them subject to its accepted rules of ordinary care and the duties that spring from their relations as travelers on a public highway." *Ludke v. Burck, supra,* p. 444.

Following *Ludke v. Burck, supra,* penalized violations of various statutory traffic regulations have been held not to deprive the violator of the defense of contributory negligence. *Zimmermann v. Mednikoff,* 165 Wis. 333, 162 N. W. 349; *Kadolph v. Herman,* 166 Wis. 577, 166 N. W. 433; *Yahnke v. Lange,* 168 Wis. 512, 170 N. W. 722; *Foster v. Bauer,* 173 Wis. 231, 180 N. W. 817; *Hopkins v. Droppers,* 184 Wis. 400, 198 N. W. 738; *Bentson v. Brown,* 186 Wis. 629, 203 N. W. 380. See, also, *Clemens v. State,* 176 Wis. 289, 185 N. W. 209.

It follows that even if construed most favorably to plaintiff's contention, sec. 85.18 (4), Stats., is but a traffic regulation, and the mere negligent violation thereof does not deprive the violator of the defense of contributory negligence.

However, the last sentence in sec. 85.18 (12), Stats., rather indicates that the actuating purpose of that enactment was not the protection of life and limb.

Sec. 85.18 (4), Stats., so far as here material, provides that no trailer "shall be operated on any highway . . . when the over-all dimensions exceed eight feet in width, . . . except under a special permit," which must be procured from specified public officials. Sec. 85.18 (12), Stats., provides that any person violating said sub. (4) shall be fined, and that "the owner . . . or mover of any such . . . trailer shall be responsible for all damages which any highway, street, alley or bridge may sustain as a result of said violation, and the amount thereof may be recovered in an action brought by the unit of government wherein such highway, street, alley or bridge is located."

Clearly, that last sentence of sec. 85.18 (12) discloses that, as is expressly stated therein, the dominant purpose of sec. 85.18 (4) was to render the violator responsible to the unit of government in which the highway is located, for all damages to the highway by reason of such violation, and not the protection of travelers on the highway. Apply-

ing the maxim *Expressio unius est exclusio alterius* warrants the conclusion that the actuating purpose of that enactment was the indemnification of the governmental unit and not the protection of life and limb. Consequently, the violation of sec. 85.18 (4) by hauling a trailer of excessive width, on a highway, without first procuring the prescribed special permit, is not of "such gravity that public policy requires, in the interest of protecting life and limb," that violators thereof are to be held liable for the consequences resulting from such violation, regardless of the contributory negligence of an injured claimant.

Furthermore, in this case there is no causal relation between the accident and the defendants' omission to procure such special permit. Obviously, the same result would have followed from the use of that trailer, under the existing circumstances, even if a special permit had been procured, as required by law, before such operation on that highway. *Derr v. C., M. & St. P. R. Co.* 163 Wis. 234, 239, 157 N. W. 753.

Plaintiff also assigns as error the trial court's refusal to change the jury's finding that the plaintiff's driver was negligent in respect to keeping a proper lookout. The record discloses that the evidence fairly admitted of the jury's finding in that respect. Hence it was beyond the province of the court to change that finding.

Likewise, there is no error in the portions of the court's instructions to which plaintiff has taken exception. The matter of reasonable anticipation need not be covered in the instructions as an essential element of causation, when, as was done in this case, the matter of reasonable anticipation is sufficiently covered as an element of negligence in instructing on the latter subject. *Hamus v. Weber,* 199 Wis. 320, 226 N. W. 392.

*By the Court.*—Judgment affirmed.

Fowler, J., took no part.