## SHAW and another VS. FISK and others.

VERDICT: *Set aside for juror's ignorance of English language.*

1. A motion for a new trial on the ground that two of the jurors did not understand the English language, was based on the affidavit of each of said jurors "that he does [did] not understand English well enough to understand and act intelligently upon a jury, and that he could not, upon said trial, understand fully what the witnesses swore to; and that he had to have an interpreter in the jury room to explain to him some of the material points of the testimony." Whether so much of the affidavits as relates to what occurred in the jury room should have been received to impeach the verdict, *quære.*

2. But after excluding all that part, what remained shows that the affiants had not sufficient knowledge of the English language to qualify them to act as jurors; and it was not error to set aside the verdict and grant a new trial on that ground.

APPEAL from the Circuit Court for *Chippewa* County.

This was an appeal by the defendants from an order setting aside a verdict. The grounds of the order will appear from the opinion.

*A. K. Gregg,* for appellant.

*A. Meggett,* for respondent.

DOWNER, J. The circuit court granted a new trial in this case because two of the jurors did not understand the English language. The counsel for the appellants contend that the affidavits used on the motion show that the jurors did have sufficient knowledge of the English language to enable them to understand the witnesses, the court, and the attorneys for

the respective parties, and to act as jurors intelligently. We think the affidavit of the jurors themselves on this point is conclusive. Each of them states " that he does not understand English well enough to understand and act intelligently upon a jury; and that he could not upon said trial understand fully what the witnesses swore to, and that he had to have an interpreter in the jury room to explain to him some of the material points of the testimony."

But the appellants maintain that their affidavits ought not to have been received. We consider the authorities clear that the affidavits of jurors should not be received to impeach their verdict on account of anything that took place in the jury room; and it is doubtful whether their affidavits ought in any case to be received as to any of their deliberations, even as to a mistake of fact or law that influenced their verdict. In *Sergeant v. Denniston*, 5 Cow., 112, such affidavits were received to show that the jury, in making up their verdict, adopted an erroneous rule of damages—a rule advanced by the counsel for the plaintiff in his argument, and not corrected by the court. It would not be going farther than the court did in that case, to hold that the affidavits of the two jurors in this case were rightly received even as to what took place in the jury room. We have some doubts, however, as to that; and we hold that the affidavits are sufficient, excluding that part which relates to what took place in the jury room, to prove that the two jurors had not such knowledge of the English language as would qualify them to act as jurors.

*By the Court.*—The order of the circuit court is affirmed.