McDermott vs. Jackson.

McDermott, Respondent, vs. Jackson, Appellant.

*February 23 — March 14, 1899.*

*Principal and agent: Authority: Ratification: Special verdict: Instructions to jury.*

| 102 | 419 |
| f102 | 571 |
| 102 | 419 |
| f107 | 206 |
| 108 | 90 |
| 102 | 419 |
| 112 | 4228 |
| 102 | 419 |
| 113 | 1339 |

1. In an action against a principal for money borrowed in his name by an agent, there was evidence requiring the submission to the jury of the question whether the agent had actual authority and also whether he had apparent authority. The jury found that he had authority to borrow money, and that the plaintiff believed that he had that authority. *Held;* that the verdict was uncertain as to whether the agent had actual or apparent authority, and therefore would not support a judgment for plaintiff, in the absence of a finding that the plaintiff had reasonable ground on which to base his belief as to the agent's authority.

2. In such a case the better practice would be to submit a question as to each form of authority separately, under proper instructions.

3. No recovery can be had against a principal on the ground of ratification of his agent's unauthorized act in borrowing money which was used in his business, by reason of his retention of the borrowed money, unless he had a reasonable time after notice of the lender's claim, not only to make inquiry into the facts, but also to return the money.

4. If a special verdict is to be rendered, the instructions appropriate to each question, whether asked by the parties or given by the court of its own motion, should be submitted to the jury in immediate connection with the questions to which they are respectively applicable.

Appeal from a judgment of the circuit court for Eau Claire county: James O'Neill, Circuit Judge. *Reversed.*

This is an action to recover $500 and interest for money loaned. The complaint contains two counts, one upon a promissory note, and one for money had and received. The undisputed fact was that the money was loaned by the plaintiff to one Arthur Jackson, the defendant's son, who was operating a large jewelry store in the city of Eau Claire for his father, and that a note was given for it signed by

Arthur Jackson as his father's note. Arthur Jackson represented to plaintiff that the money was for use in his father's business; but the defendant denies that Arthur had any authority, either real or apparent, to borrow money or to execute the note, and further denies that the money borrowed was used in his business. Upon a former trial, judgment was rendered for the defendant, and upon appeal to this court that judgment was reversed. 97 Wis. 64.

The case has been tried again, upon evidence not differing greatly from that produced upon the former trial, and the following special verdict was rendered: "(1) Had Arthur Jackson authority from defendant to borrow money on defendant's credit, to be used in defendant's business, on the 13th day of March, 1895? *A.* Yes. (2) Was the money received by Arthur Jackson for the plaintiff upon the note in question paid, laid out, and expended in the business carried on by Arthur Jackson? *A.* Yes. (3) Did the plaintiff loan the five hundred dollars in question on the credit of the defendant, believing that defendant's son, Arthur Jackson, was authorized to borrow the same on such credit? *A.* Yes. (4) Was the note in question executed and delivered to the plaintiff by Arthur Jackson as his own note, or as the note of his father, *Andrew Jackson? A. Andrew Jackson's* note. (5) If you answer the second question in the affirmative, then did the defendant, prior to the commencement of this action, know that said money had been used in his business, or have knowledge of facts and circumstances sufficient to put him on inquiry and to enable him, by the exercise of reasonable diligence, to discover the facts? *A.* Yes. (6) If you answer the fifth question affirmatively, then after the defendant had such knowledge or notice, and after a reasonable time in which to discover the facts, did the defendant thereafter, and before the commencement of this action, have reasonable time within which to return said sum of five hundred (500) dollars to plaintiff. *A.* No."

McDermott vs. Jackson.

Upon this verdict judgment was rendered for the plaintiff, and the defendant appeals.

For the appellant there was a brief by *Frawley, Bundy & Wilcox*, and oral argument by *C. T. Bundy*.

For the respondent there was a brief by *Wickham & Farr*, and oral argument by *James Wickham*.

WINSLOW, J. It is unfortunate that there must be a third trial of this case, but no judgment for the plaintiff seems possible upon the special verdict before us.

There were three grounds of recovery which the plaintiff was entitled to have submitted to the jury, viz.: (1) Actual authority on the part of Arthur to execute the note; (2) apparent authority; and (3) ratification by the defendant. These grounds of recovery were fully discussed in the opinion of Mr. Justice MARSHALL upon the former appeal. 97 Wis. 64. It was then said, in effect, that there was evidence from which it might be properly found that the discretionary powers given by the defendant to Arthur were so complete as to the purchasing of goods, the making of payments, and the general conduct of the business, that they carried with them the authority to borrow money when necessary in the management of the business, and that this was a proper question for the jury. It was also said that there was evidence to go to the jury upon the question of apparent authority; and it was said that the question upon this branch of the case is, Did the plaintiff, because of appearances for which the principal was responsible, believe, *and have reasonable ground to believe*, that the agent possessed power to act for the principal in the particular transaction in question?

As to recovery upon the ground of ratification alone, it was held that the defendant was entitled to a reasonable time after notice of the plaintiff's claim to make inquiry into the facts, and to a further reasonable time to return the money.

As to the claim of ratification, there can certainly be no recovery by the plaintiff upon this verdict, because the answer to the sixth question of the special verdict distinctly finds that the defendant did not have a reasonable time to return the money; hence one of the essential requisites to a recovery upon the ground of a ratification, as determined upon the former appeal, is wanting. Hence, if the plaintiff recover, it must be upon the ground of actual or apparent authority.

It is unfortunate that both of these questions were covered by one general question, instead of being submitted separately. While it was said upon the former appeal that the question whether Arthur had authority covered both actual and apparent authority, it was not then decided or intimated that one question *only* should be asked to cover both kinds of authority. Upon that appeal the trial court had refused to submit to the jury the question whether Arthur had authority to borrow money on his father's credit, and it was held that this question covered both real and apparent authority, and that it was error to refuse to submit it. While we do not hold it error to submit both forms of authority under one general question with proper instructions, it must be evident to any mind that, if the question is answered in the affirmative, it leaves the matter doubtful whether the jury found actual or apparent authority. The most that can be said is that they found *either* actual *or* apparent authority. Now, had the two questions been submitted separately, and had the jury found actual authority, this would have been all-sufficient to sustain a judgment for the plaintiff; but had they found no actual, but only apparent, authority, it would then have been necessary to go further, and to find, in response to appropriate questions, that the plaintiff not only believed, but in the exercise of reasonable prudence was justified, from the appearances for which the principal was responsible, in believing, that the agent had the necessary authority.

McDermott vs. Jackson.

In this case it is found that the plaintiff believed that the agent had the authority, but it is not found that he was justified in such belief by the appearances within his knowledge; hence, as it cannot be affirmed that the jury found actual authority, the verdict is insufficient to sustain a judgment for the plaintiff.

Many exceptions were taken to the rulings on testimony, and to the charge and refusals to charge; but careful examination of them has not convinced us that there was prejudicial error in the rulings, and the legal propositions contained in the charge seem to be substantially correct, and we should not feel compelled to reverse this judgment except for the fatal omission in the verdict above referred to.

We deem it proper to suggest that upon a new trial, if a special verdict be rendered, the instructions appropriate to each question, whether asked by the parties or given by the court of its own motion, should be submitted to the jury in immediate connection with the questions to which they are respectively applicable. This is the only way in which the jury can obtain an intelligent appreciation of the legal propositions which are to govern them in answering the various questions. Upon the present trial nearly two printed pages of instructions were first read by the court at request of the defendant; and the court then proceeded with the general charge, taking up the questions in order, and giving appropriate instructions upon each of them. After the jury had been out a short time, they returned into court and inquired whether they should take the instructions requested by the defendant's counsel as their guide, or the court's own charge. The court explained that they were both the court's charge, but the inquiry made by the jury demonstrates the impolicy of separating the instructions. It is poor practice, and well calculated to confuse a jury, especially in case of a special verdict. The only proper way is to submit each question by itself, and to give to the jury, in direct connection with

that question, every legal proposition which the court deems necessary and proper for the jury to bear in mind in considering that question, and then pass to the next question.

*By the Court.*— Judgment reversed, and action remanded for a new trial.