Holub, Appellant, vs. Cootware and another, Respondents.

*February 7—April 29, 1919.*

*Appeal from judgment of circuit court: Review of order reversing
judgment of civil court: New action: Automobiles: Injury to
person in street: Contributory negligence: Violation of city
ordinance: Verdict: Impeachment by affidavits of jurors.*

1. Where, after a judgment of the Milwaukee civil court was re-
   versed and a new trial ordered in the circuit court, plaintiff
   commenced a new and independent action in the circuit court,
   against an additional defendant, and for an amount over
   which the civil court had no jurisdiction, he cannot, by includ-
   ing in the notice of an appeal from the judgment in the new
   action an appeal from the order reversing the judgment of the
   civil court in the original action, obtain a review of such order.
   [Whether, upon an appeal from a judgment of the circuit
   court, the supreme court will review an order of that court
   reversing a judgment of the civil court *in the same action,*
   not determined.]

2. A load of kindling wood had been dumped, in front of plaint-
   iff's house, partly in the street, and while he was in the street,
   after dark, putting some of the wood in a basket to carry it to
   his basement, he was struck and injured by an automobile.
   Upon evidence that he had failed to comply with a city ordi-
   nance which required that a light be displayed on the wood
   after it became dark, it is *held* that the jury were warranted in
   finding that he was guilty of negligence which proximately
   contributed to the accident.

3. Upon a motion for a new trial, a verdict finding plaintiff guilty
   of contributory negligence cannot be impeached by affidavits
   of jurors to the effect that they misunderstood a question in
   the special verdict and that they never. intended to convict
   plaintiff of such negligence.

APPEAL from a judgment of the circuit court for Milwau-
kee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

This is an action brought to recover damages for personal
injuries resulting from an automobile accident. On Octo-
ber 12, 1916, plaintiff procured a load of kindling wood to be
delivered in front of his house in the city of Milwaukee.
The wagon in which the wood was delivered backed up to
the curb in front of plaintiff's house and the wood was

dumped out of the rear end. ·It fell.on both sides of the curb, some being between the curb and the sidewalk and some out in the street from the curb. It was late in the evening, and plaintiff immediately started to carry it to his basement in a basket. While he was in the street putting wood in his basket, in a stooping posture, he ·was struck by defendant's automobile and sustained certain injuries.

Action was brought against the defendant *Peter Cootware* in the civil court of Milwaukee county, resulting in plaintiff's recovery. The complaint in that action prayed for a recovery of $2,000. The defendant then appealed to the circuit court, where the judgment of the civil court was reversed and a new trial in the circuit court was ordered. Thereupon plaintiff commenced this action against *Peter Cootware* and the *Automobile Liability Company* in the circuit court, praying for a recovery of $5,000. A special verdict was returned in which the defendant *Cootware* was found guilty of negligence which constituted the proximate cause of the accident. The plaintiff was also found guilty of contributory negligence which proximately contributed to the accident. Upon this verdict the court granted judgment in favor of the defendants. From the judgment so rendered plaintiff appealed.

For the appellant there was a brief by *Raymond J. Cannon,* attorney, and *Glicksman, Gold & Corrigan,* of counsel, all of Milwaukee, and oral argument by *Mr. Walter L. Gold* and *Mr. Cannon.*

*J. Elmer Lehr* of Milwaukee, for the respondents.

The following opinion was filed March 4, 1919: .

OWEN, J. The notice of appeal in this case states that plaintiff appeals from the order made and entered "in this action by said court on the 8th day of December, 1917, by which order the judgment of the civil court rendered in favor of the plaintiff and against the defendants in this action was reversed and ordering that the action be tried in this court by a jury, and also from the whole of the judgment made and

entered in this action by said court on the 20th day of April, 1918." We are asked to review the order of the circuit court by which the judgment of the civil court in the original action of Holub v. Cootware was reversed. Whether upon an appeal from the judgment of the circuit court for Milwaukee county this court will review an order of that court reversing the judgment of the civil court in the same action is a question that has not been determined. A somewhat similar question was, however, considered in *Bonnell v. C., St. P., M. & O. R. Co.* 158 Wis. 153, 147 N. W. 1046, but whether what was there said is decisive of this question we do not decide. The question is not here presented, for the reason that after the judgment rendered in the civil court in Holub v. Cootware was reversed by the circuit court, this new and independent action was commenced in the circuit court. We are really at a loss to understand the position of counsel for appellant in this matter. He seems to assume that this action is the same action that was originally started in the civil court, and it is not altogether clear that it was not so regarded by the circuit court, as a plea in abatement filed by the defendant *Cootware,* in which the pendency of the former action was pleaded, was overruled by that court. However, there can be no doubt that this is a new, separate, and independent action, brought in another court, against different parties, and asking for the recovery of an amount over which the civil court has no jurisdiction. A mere statement of this situation is sufficient to indicate that we cannot on this appeal review an order of the circuit court reversing the judgment rendered in the civil court in the original action brought in that court.

The jury found that plaintiff was guilty of contributory negligence which proximately contributed to the accident. Appellant insists that this finding of the jury is not supported by the evidence. An ordinance of the city of Milwaukee, introduced in evidence upon the trial, provides that "Sufficient lights shall be displayed and maintained during the whole of every night at each excavation, pile of material,

fence, or other obstruction on any public highway to so cast their rays that such excavation, pile of material, fence, or other obstruction shall be in full view of the public." There was testimony in the case that the pile of wood was six feet along the curb, extending out in the street seven feet, and was three and one-half feet high in the center of the pile. The son-in-law of the plaintiff testified that he was at the plaintiff's house shortly after the accident and that the wood-pile could not have extended into the street more than a yard and that there were, at the most, twelve baskets of wood in the street then. It therefore pretty conclusively appears that there was more or less wood in the street. It appears that the accident occurred October 12, 1916, somewhere around 6 o'clock in the evening, and that it was dark at the time. The jury had a right to find that the ordinances of the city of Milwaukee required that a light should be displayed upon this wood after it became dark. If so, failure to comply with the ordinance constituted negligence which the jury could find proximately contributed to the accident and the injury. *Yahnke v. Lange,* 168 Wis. 512, 170 N. W. 722. The verdict of the jury in this respect was supported by the evidence.

Appellant further contends that a new trial should have been granted for the reason that the jury, or some of them, did not understand the ninth question, which related to the contributory negligence of the plaintiff, as appeared by the affidavits of two jurors which were filed in support of the motion for a new trial. Each affidavit is to the effect that affiant "was one of the jurors in the above entitled case and that the ninth question of the special verdict was so worded that it was misleading, and that as one of the jurors he never intended to convict the plaintiff of contributory negligence, and if he had so understood it he would not have consented to the verdict as returned into court." The court refused to consider said affidavits in deciding the motion for a new trial.

Appellant strenuously contends that the court should have

considered the affidavits thus presented, and likens the situation to that considered in *Shaw v. Fisk,* 21 Wis. 368, where the verdict of the jury was set aside because it appeared by affidavits that two of the jurors did not understand the English language. That went to the competency of the jurors to act at all. The affidavits presented did not tend to impeach the verdict of the jury. "The general rule is very ancient and often reiterated that the statements of the jurors will not be received to establish their own misconduct or to impeach their verdict." *Butteris v. Mifflin & Linden M. Co.* 133 Wis. 343, 113 N. W. 642; *Wolfgram v. Schoepke,* 123 Wis. 19, 100 N. W. 1054; *Owen v. Portage T. Co.* 126 Wis. 412, 105 N. W. 924; *Hempton v. State,* 111 Wis. 127, 86 N. W. 596; *Imperio v. State,* 153 Wis. 455, 141 N. W. 241; *Dishmaker v. Heck,* 159 Wis. 572, 150 N. W. 951. If verdicts thus may be impeached they have little stability. If they cannot stand because a juror is willing to say that he misunderstood a question of the special verdict they must, by the same logic, be set aside upon a statement of a juror that he did not understand the court's charge or obtained a mistaken impression of certain testimony. As said in *Dishmaker v. Heck, supra:* "Any such rule would place every verdict at the mercy of weak or corrupt jurymen." Verdicts must be given greater dignity and finality than would be accorded them under such practice. Their impeachment cannot be permitted in the manner here attempted.

Appellant preserved a number of exceptions to the charge of the court which are assigned as error. These alleged errors have received our careful consideration. The criticisms thereof seem to be without merit. They do not call for special treatment.

*By the Court.*—Judgment affirmed.


A motion for a rehearing was denied, with $25 costs, on April 29, 1919.