# CASES DETERMINED

# January Term, 1920.

---

BECKER, Appellant, vs. WEST SIDE DYE WORKS,
Respondent.

*May 7—June 1, 1920.*

*Automobiles: Collision with pedestrian: Negligence of driver of automobile: Violation of statute: Evidence: Contributory negligence: Degree of care required of person in street: Trial: Instructions upon special verdict: Appeal: Prejudice of jury: New trial: Impeaching verdict.*

1. In an action by plaintiff, who was struck by defendant's automobile truck as he passed in front of a street car from which he had alighted, an instruction that the operator of an automobile has the right to assume that every person whom he meets will exercise ordinary care and caution, under the circumstances, to avoid injury, and will not expose himself to danger, "but will, as is his duty, exercise ordinary care to keep a careful lookout," is not objectionable as imposing on plaintiff an absolute duty to keep a careful lookout.

2. Where a special verdict is submitted, the court should give specific instructions applicable to the particular question, so that there can be no doubt as to which question the instructions apply.

3. The failure of the driver of a motor vehicle to observe the law of the road in passing a street car does not absolve a pedestrian passing such car from the duty to exercise ordinary care for his own safety; and the evidence in this case is *held* to warrant a finding that he was guilty of negligence precluding recovery.

4. Where no prejudice appears in a verdict, the fact that one of the jurors signed an affidavit that other jurors referred to plaintiff as a Jew, a crook, and a liar cannot form the basis for a reversal or for a new trial.

5. An affidavit, on a motion for a new trial, that one of the jurors would not have consented to a special finding of contributory negligence if he had known that it barred recovery, cannot be considered.

Becker v. West Side Dye Works, 172 Wis. 1.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge.    *Affirmed.*

Action to recover damages for a personal injury caused by a collision with an automobile driven by one Kimball, an employee of the defendant.    On February 20, 1919, at about 11:45 a. m., plaintiff alighted at the intersection of Twenty-fourth street and Lisbon avenue in Milwaukee from the right front door of a street car on which he had been a passenger.    The stop was made on the further side of the street intersection.    After alighting, plaintiff started to cross the street in front of the street car, and as he had proceeded four or five feet beyond the car he was struck by, or ran into, the defendant's automobile, which was passing on the left side of the street car and in the direction in which the street car was going.    Ordinary and gross negligence on the part of the defendant were alleged in separate counts in the complaint, but the appeal concerns only the charge of ordinary negligence.

The jury found (1) defendant's driver, Kimball, was guilty of negligence in operating the automobile as it approached and collided with the plaintiff; (2) such negligence was the proximate cause of plaintiff's injury; (3) Kimball did not pass the street car on which plaintiff had been a passenger while that car was actually taking on or discharging passengers; (5) negligence on plaintiff's part proximately contributed to produce his injury; and (6) damages $2,500.    In view of finding 3, no answer to question 4 was required and none was made.    Upon such special verdict the court awarded judgment for defendant, and the plaintiff appealed.

*Morris Stern,* attorney, and *A. W. Richter,* of counsel, both of Milwaukee, for the appellant.

*Raymond J. Cannon* of Milwaukee, for the respondent.

VINJE, J.    Plaintiff's assignments of errors are that (1) the court erred in instructing the jury with reference

to the duty to look and listen for the approach of vehicles, and (2) in refusing to grant a new trial because of the bias and prejudice of the jury.

It is apparent that the first error assigned can become material only in case it relates to the question of contributory negligence, because all other questions were answered favorably to the plaintiff. The instruction complained of is as follows:

"On the other hand, every operator of an automobile has the right to assume and act upon the assumption that every person whom he meets on the street will exercise ordinary care and caution, according to the circumstances, to avoid injury, and that he will not expose himself to danger, negligently or recklessly, but will, as is his duty, exercise ordinary care to keep a careful lookout, to listen for approaching vehicles, to avoid a collision, and if he sees or hears a vehicle before it strikes him, or by the reasonable use of his senses could see or hear it in time to avoid the injury, that he will promptly, in the exercise of ordinary care, attempt to avoid the injury."

The particular language thereof criticised was the expression therein "but will, as is his duty, exercise ordinary care to keep a careful lookout, to listen for approaching vehicles, to avoid a collision." It is claimed that this put upon plaintiff the absolute duty of keeping a careful lookout for vehicles and that he must anticipate that vehicles will violate the law and approach from directions where they have no right to be. We think counsel err in saying that it imposes an absolute duty to keep a careful lookout. The instruction imposes upon the person referred to therein only the duty to exercise ordinary care in the use of his eyes and ears. It does not impose an absolute duty to keep a careful lookout, but only the duty to exercise ordinary care in respect thereto.

It is claimed by respondent that the instruction was not intended to apply to the question relating to contributory negligence but to the question of the negligence of the defendant, the driver of the vehicle. Whose contention is

correct is not easy to determine, because the instruction complained of was included with others covering several printed pages, all of which were prefaced by the statement on the part of the court that "In connection with questions numbered 1 and 2 and 4 and 5 you are instructed," etc. Question 1 related to defendant's negligence, questions 2 and 4 to proximate cause, and question 5 to contributory negligence. It is evident, therefore, that the instructions could not apply to all the questions, and so the jury were left to determine for themselves to which question any particular instruction referred. This they should not be compelled or permitted to do. This court has frequently admonished trial courts, when a special verdict is submitted, to give specific instructions applicable to the single question then instructed upon, so that there can be no doubt as to which question the instruction applies. *Kohler v. West Side R. Co.* 99 Wis. 33, 74 N. W. 568; *Schaidler v. C. & N. W. R. Co.* 102 Wis. 564, 78 N. W. 732; *McDermott v. Jackson,* 102 Wis. 419, 78 N. W. 598; *Fox v. Martin,* 104 Wis. 581, 80 N. W. 921; *Rhyner v. Menasha,* 107 Wis. 201, 83 N. W. 303; *Bartlett v. Collins,* 109 Wis. 477, 85 N. W. 703; *Mauch v. Hartford,* 112 Wis. 40, 87 N. W. 816; *Schrunk v. St. Joseph,* 120 Wis. 223, 97 N. W. 946; *J. H. Clark Co. v. Rice,* 127 Wis. 451, 106 N. W. 231; *Banderob v. Wis. Cent. R. Co.* 133 Wis. 249, 113 N. W. 738; *Twentieth Century Co. v. Quilling,* 136 Wis. 481, 117 N. W. 1007. While we think it more probable that the jury understood this instruction to apply to the question of defendant's negligence, still for the purposes of a decision we shall assume that they understood it to apply to the question of plaintiff's contributory negligence, but for reasons already stated such instruction is correct applied to such question. Hence no error was committed by the trial court in this case in giving instructions susceptible of application to several questions. But such practice should not be followed because it is confusing

to the jury and may often result in prejudicial error.   The court should clearly inform the jury to which question or questions *each* instruction applies.

It is further urged that, since plaintiff was not bound to anticipate that a vehicle would come from a direction or on a side not authorized by law, he was under no duty to look and listen.   This contention is negatived in *Zimmermann v. Mednikoff*, 165 Wis. 333, 162 N. W. 349, where it is held that a failure by one party to obey the law of the road does not exonerate the other from the exercise of ordinary care for his own safety.

There is evidence to show that plaintiff neither looked nor listened as he emerged from in front of the car and had a field of vision to the left.   It is true that his safety zone there was only about three and a half feet, but the jury had a right to conclude that it was negligence not to look or listen under the circumstances, and that had he done so he could have stepped back a foot or so and avoided the collision, as did the young lady immediately following him. Where there is competent, credible evidence to sustain a verdict, which is also, as in this case, in accord with the facts as shown by practically all the evidence, this court will not disturb it.   Had plaintiff looked to the rear as he came beyond the car he could have seen defendant's truck and have avoided it.   He was struck because he did not look when it was his duty to do so.   There is also evidence that the driver sounded his horn at least twice before plaintiff was hit, and in time to have enabled him to have avoided the injury had he looked.   When the driver saw the plaintiff he put on the brakes and the truck skidded on the snow and plaintiff was struck by the center or rear end thereof, and some witnesses testify that plaintiff ran into the truck.

We can discover no perversity or prejudice in the verdict, and the affidavit of a juror to the effect that other jurors referred to plaintiff as a Jew, a crook, and a liar cannot

form the basis for a reversal or for a new trial. Nor can the affidavit to the effect that the jurors did not know the legal effect of the answer to question 5 be considered. It is stated in the affidavit that had the juror known that a finding of contributory negligence barred recovery he would not have consented to it. Verdicts cannot be so impeached. *Dishmaker v. Heck,* 159 Wis. 572, 150 N. W. 951; *Holub v. Cootware,* 169 Wis. 176, 170 N. W. 939.

*By the Court.*—Judgment affirmed.